Judgment affirmed, with separate bills of costs to respondents to be paid out of the estate.

---

George A. Widmayer and Others, as Executors, etc., of George Widmayer, Respondents, *v.* William F. Widmayer, Individually and as Executor of George Widmayer, Deceased, Appellant.

*Executors and trustees — created by the same instrument — jurisdiction of Supreme Court — removal of a trustee for misconduct — forfeiture of extra compensation given by the will — solvency of trustee.*

By the same instrument executorial powers may be conferred upon executors therein named, and also powers of a different character from those which appertain to an executor may be given to trustees

Although the Supreme Court has no power to remove an executor, it has the power to remove a trustee as such notwithstanding the fact that he is an executor.

Where jurisdiction has been entertained by the Supreme Court of proceedings taken for the removal of a trustee under a will on the ground of his misconduct, and judgment has been rendered therein, unless it is apparent that some rule has been violated in entertaining jurisdiction the court will not necessarily undo what it has done; it is a sufficient reason for the Supreme Court to refuse to remit a proceeding to the Surrogate's Court that complete relief could not be given in that court.

In such proceedings it is proper for the Supreme Court, if it chooses to take the account, to determine the amount that a defaulting trustee owes to an estate.

Where a person is properly removed by the Supreme Court from his office as trustee under a will, because of his misconduct, he is not entitled to the compensation provided by the will to be paid to him for the services he should render in such capacity.

The fact of the solvency of a trustee under a will is no defense in proceedings brought to remove him from office on the ground of his misconduct; his co-trustees are entitled to have the business of the estate conducted as contemplated by the will, and if that is not done, they are entitled to his removal.

APPEAL by the defendant, William F. Widmayer, individually and as executor, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 7th day of April, 1893, upon the decision of the court after a trial at the New York Special Term.

*A. R. Dyett*, for the appellant.

*F. B. Candler*, for the respondents.

VAN BRUNT, P. J. :

This action was brought to remove the appellant from his office as trustee and manager of the estate under the last will and testament of George Widmayer, deceased. Said Widmayer died on the 29th of January, 1886, leaving a will which appointed the respondents and appellants executors thereunder. Said will was admitted to probate on the 13th of February, 1886, and letters testamentary duly issued thereon. In and by said will the testator devised to his executors and the survivors and survivor of them, their and his successors and successor, certain real estate to have and to hold the same and to receive the rents, income and profits thereof and to pay over the same as therein directed. Thus there was conferred upon the executors the duties of trustees in addition to that of the ordinary administration of the estate. The testator also inserted in his will the following clause :

" I desire and direct that my son William F. Widmayer shall receive the sum of one thousand two hundred dollars per year, to be paid in equal monthly payments, over and above all commissions which he shall be entitled to as one of the executors of this my last will and testament, in consideration whereof it is my desire and wish

that said William F. Widmayer shall take and have the active management of the property and estate and collect all the rents and income therefrom, and account therefor to his co-executors and pay over the same to his co-executor, my son Henry E. Widmayer, who shall receive from said William F. the collections made by him and shall deposit the same and all other interest, income and dividends from bonds and mortgages, stocks and other securities which shall belong to my estate, and deposit the same in the United States Trust Company of New York. And my said executor Henry E. Widmayer shall draw against such deposits for the purposes indicated in my said will."

It having been claimed by the plaintiffs that the appellant had misconducted himself in his office as manager and trustee of the estate this action was brought for his removal.

Upon the trial at Special Term the learned court found misconduct on the part of the appellant, and gave judgment directing his removal as manager and trustee of the estate, and also adjudging that said appellant would not be entitled to receive the $1,200 per annum provided for in the will, and that he was indebted to the estate in a considerable sum of money; and from such judgment this appeal is taken.

The appellant claims that the court erred in refusing to dismiss the complaint upon his motion, the grounds of which motion being that this court had not jurisdiction to revoke the letters of William F. Widmayer, or to remove him as trustee, and secondly, that if it had jurisdiction it should not exercise it.

It certainly is not necessary to discuss the proposition that by the same instrument executorial powers may be conferred upon the executors therein named, and also those of trustees having a different character from the powers which appertain to an executor. This principle is too well recognized to need either discussion or the citation of authority.

It is further conceded that the Supreme Court has no power to remove an executor from his office as such; and it is also equally well settled that the Supreme Court has the power to remove a trustee from his office as such, although he may be also an executor. But it is urged that, if this be true, the Surrogate's Court having jurisdiction to remove the appellant both as executor and trustee, that

this court should have remitted the plaintiff to that tribunal, and that this court should have declined such jurisdiction. It is undoubtedly true that the policy of this court has been not to entertain jurisdiction of proceedings and actions of which statutory tribunals have been given cognizance by special enactment. But it by no means follows that in all cases this court should decline jurisdiction upon that ground. And where such jurisdiction has been entertained and judgment rendered, unless it is apparent that some rule has been violated in so entertaining such jurisdiction, this court at General Term will not necessarily undo that which has been done.

But in the case at bar there was reason for the entertaining of jurisdiction. It was sought by this action to remove the appellant from his position as manager of this estate, and to determine the fact that he was no longer entitled to the remuneration which was provided for in the will appertaining to that occupation. Of this the Surrogate's Court had no jurisdiction, and relief could only be granted in this court. There seems, therefore, to have been good reason for the court refusing to remit the parties to the Surrogate's Court, as complete relief could not there be given.

It is further urged that if the court could assume jurisdiction to remove appellant as trustee it could only remove him as trustee when the office of trustee is separate and independent from that of executor, or has become so; and we are referred to the decision of the Court of Appeals in *The Matter of Hood* (98 N. Y. 363). But we fail to see the application of the case cited. By the terms of the will under which this appellant purported to act the rights of the executors over the real estate in question, and of which the appellant was acting as manager under the authority conferred in the will, were given to these executors in trust, and it was as trustees that they were managing the estate and collecting the rents and disposing of the same. The duties which were being performed in that regard were no part of the executorial duties, and as such they had no control over the real estate in question. It is, therefore, manifest that there were duties conferred upon these executors as trustees and as trustees simply, and in respect to which they were trustees; and it would necessarily follow that this court had jurisdiction to remove them from that office and to prevent them from the performance of these functions.

It is also urged that the court erred in removing the appellant from his position as manager of the estate, and it is claimed that this management was not confined to the collection of rents and income; that he was to have the active management of the property and collect, etc., the first being a purely executorial duty, and that the appellant was not a manager independent of being an executor, such duties being part of and embraced in those as executor; and that, as the court had no power to remove him as executor, it had no power to remove him as manager. It seems to us that the learned counsel has overlooked the plain provisions of the will. It is plain that it was the intention of the testator to give him some additional and other authority than that which he was to have as executor. He was to manage the estate and collect the rents and income thereof, and account therefor to his co-executors, and pay over the same to one of them who was to have the authority to pay it out. For these services he was to receive a compensation additional to his commission as executor of $1,200 per annum. It is clear that it was the intention of the testator to give the appellant additional authority from that which the office of executor had conferred upon him in reference to the management of this estate. Now, as to this real estate, it appears that the only authority which this appellant had was in managing or mismanaging the estate. At this time he had no duties as executor. All his duties were as trustee and as manager, and it was the continuance of his violation of these duties which the court sought to prevent by his removal. The appellant having neglected to perform the duties imposed upon him by the provisions of the will, clearly was not entitled to the compensation provided for in the will; because it is in consideration of these services that he is to have the payment, or rather the payment is to be made in consideration of the rendition of the services. The provision is: "I desire and direct that my son William F. Widmayer shall receive the sum of $1,200 per year * * * in consideration whereof it is my desire and wish that said W. F. Widmayer shall take and have the active management of the property and estate, and collect all the rents and income therefrom and account therefor," etc. He having violated his duties by the manner in which he had conducted himself in reference to this property and estate, it seems to us that there is no

ground for his continuing to claim the compensation which was provided for in the will for the faithful performance of those services. Therefore, the court did not err in holding that the appellant was not entitled to the salary given to him under the will of his father.

It is not necessary to consider the evidence in detail as to the manner in which this appellant conducted himself in reference to this estate. It appears that he had collected rents which he had not paid over, and these plaintiffs were not obliged to run the risk of his insolvency, or their ability to collect the same from him by legal proceedings. The fact that at some future time he may be very solvent was entirely immaterial. If he failed to pay over — if he conducted the business in an improper way — the fact of his solvency had nothing to do with the question. The plaintiffs were entitled to have the business conducted as was contemplated by the will, and if that was not done, as it is apparent the appellant did not do, they were entitled to his removal.

Certain objections are taken to the admission of evidence in respect to a certain transaction of this manager, who collected rent ten months in advance and never paid it over. The objection was that there was no allegation in the complaint upon which the evidence could have been received, as the allegations in the complaint applied to certain other rents which the appellant had not paid over. Although this may be the fact, yet, if this were all stricken out, the evidence justified the relief granted directing the removal of the appellant as manager and trustee, and was so complete that upon this issue the appellant has suffered no injury by reason of the admission of this testimony.

The court, in view of the circumstances, had the right to determine, either upon the trial or by a reference, as to what amount the defaulting trustee owed to the estate, and, if it chose to take that account upon the trial, it was not error so to do. Therefore, the admission of this evidence forms no ground for a reversal.

Upon the whole case we are of opinion, therefore, that no ground is presented for interference, and that the judgment should be affirmed, with costs.

O'Brien, J., concurred; Parker, J., concurred in the result.

Judgment affirmed, with costs.