(33 Misc. Rep. 646.)

### ROTHSCHILD et al. v. GOLDENBERG et al.

(Supreme Court, Special Term, New York County. January, 1901.)

1. TRUSTEES—PARTIES—RESIGNATION OF TRUSTEE.

Code Civ. Proc. § 723, declares that the court at any stage of an action may allow the amendment of any pleading or other proceeding by adding or striking out the name of a person as a party. Held, that where, in a suit by the executors under a will to construe a provision thereof, the trustees named in a clause of the will were made defendants, and

pending the suit they were relieved of their trust, in a proceeding insti-
tuted on their resignation it was proper to allow an amendment of the
pleadings by striking out the names of the trustees as defendants.

2. SAME—COLLATERAL ATTACK.
Where, in a suit by the executors of a will to construe a provision
thereof, the trustees named in a clause of the will were made defend-
ants, and an order was made in a special proceeding distinct from the
action whereby the resignation of the trustees was accepted, such order
could not be questioned in the suit on a motion to vacate the same, it
not being open to collateral attack.

3. SAME—RESIGNATION OF TRUSTEE—ACCEPTANCE.
Under Real Property Law (Laws 1896, c. 547, § 92), declaring that the
supreme court shall have power, on the application of a trustee, to accept
his resignation and discharge him from the trust, the supreme court had
authority to accept the resignation of trustees under a will pending a
suit by executors of the will for the construction of a provision thereof,
to which suit the trustees were made defendants.

4. SAME—NOTICE TO PLAINTIFFS.
Where, in a suit by the executors of a will for the construction of a
provision thereof, trustees under a clause of the will were made parties
defendant, and an order was made accepting the trustees' resignation, the
plaintiffs were not entitled to notice thereof; nor could they question the
order.

Action by Jacob Rothschild and others, as executors of the will
of Simon Goldenberg, deceased, against Mary Goldenberg and others,
for a construction of the will. Motion by trustees under the will
to have their names as defendants stricken from the summons and
pleadings, and also motion to vacate an order accepting the resigna-
tion of the trustees. The first motion granted; the second, denied.

Charles H. Brush (John J. Crawford, of counsel), for plaintiffs.
Jacob Steinhardt, for defendants.

BLANCHARD, J. This is an application made by two of a num-
ber of trustees named in the will of Simon Goldenberg to have the
summons and pleadings amended by striking therefrom their names
as defendants. The action is brought by the executors under the
will to construe a certain provision thereof. The trustees named
in a clause of the will are made parties defendant. Since the com-
mencement of the action the two defendants have been relieved of
their trust in a proceeding instituted in this court, upon their resig-
nation. They, having been made parties defendant solely by reason
of the fact that they were acting trustees under this clause of the
will, now seek to step out of the litigation because of the severance
of the relationship which caused them to be made parties. I think
it proper that they should be permitted to do so. The plaintiffs op-
pose the application, not because of any dispute as to the facts, but
only because they contend that a defendant cannot be permitted to
step out of an action upon his own application. I think, under the
facts and circumstances disclosed upon this application, they should
be permitted to do so, if the court has the power to permit it. Under
the inherent power of the court, and by virtue of section 723 of the
Code of Civil Procedure, I think the court has ample power to grant
the application. Christal v. Kelly, 88 N. Y. 285, 290; Riley v. Stern
(City Ct. N. Y.) 10 N. Y. Supp. 8; Weil v. Martin, 24 Hun, 645, 646;

Davis v. Mayor, etc., 14 N. Y. 506, 527. The motion is granted upon defendants' paying costs before notice of trial, and $10 costs of this motion; and, there being no necessity of the service of amended pleadings, these are dispensed with, and the case can retain its present position on the calendar.

This is an application to vacate an order made by this court accepting the resignation of trustees. It appears that this order was made in a special proceeding entirely distinct from this action, and that order cannot be questioned here. It is not open to collateral attack, but can be vacated only upon a direct proceeding in the proceeding in which it was made. People v. Norton, 9 N. Y. 176; Reed v. Allerton, 3 Rob. 551. Besides, I am of the opinion that the court had power to grant the applications of the trustees to resign their trust. Real Property Law, § 92; Brennan v. Willson, 71 N. Y. 502; Widmayer v. Widmayer, 76 Hun, 251, 27 N. Y. Supp. 773; People v. Norton, supra; In re Robinson, 37 N. Y. 261. In any event, I do not think the plaintiffs were entitled to any notice, nor are they in a position to question that order.

Motion denied, with $10 costs. Ordered accordingly.