## BURWELL vs. SHAW.

*In the matter of the estate of* THOMAS S. HAMBLIN, *deceased.*

AFTER probate and before issue of letters testamentary, a creditor or other party in interest may file an affidavit of intention to present objections against the grant of letters.

Whether the objector is a creditor may be disputed, and is a subject of proof not regulated by the statute nor determined by the affidavit.

The oath of the objector that he is a creditor, is enough in the first instance; but if the demand be denied, the objector will be compelled to set forth the particulars of his debt so as to indicate its nature and basis.

In all cases the question of interest may be raised, and it must be determined by the Surrogate. Where it is a question of substance, adverse testimony will be received; but in applications for an inventory, account, or increased security, the applicant is required merely to state his interest positively under oath, and if the facts stated show an interest, the merits of the claim will not be tried.

When an affidavit of intention to present objections has been filed, it is competent for the Surrogate, at the instance of the executor, to order the objections to be filed. The stay of the grant of letters thirty days does not stay proceedings on the objections within the thirty days.

JOHN COCHRAN *and* CLINTON HARING, *for Objector.*
A. A. PHILLIPS *and* J. R. WHITING, *for Executrix.*

THE SURROGATE. After probate, and before letters testamentary were issued, Sheldon Burwell filed an affidavit, stating that he was a creditor of the testator, and intended

to present objections against the granting of letters. The executrix named in the will, now applies for an order to compel the alleged creditor to state the grounds of his claim, averring ignorance of his demand and belief that he has intervened for the purpose of delay. The statute authorises a *creditor* to file an affidavit of intention to oppose the grant of letters; but whether the objector is a creditor, is the subject of proof—not regulated by the statute, and not determined conclusively by the affidavit. If the party state on oath in the first instance, that he is a creditor, that will, *primâ facie*, justify staying the grant of letters. But if the executor come in and allege ignorance of the debt or deny it, and ask that the interest or claim of the objector be more particularly stated, I have no hesitation in saying that the objector should be compelled to set forth sufficient to show the nature and basis of the demand. If the section of the statute had authorized the stay on the oath of the party that he was a creditor, that would have precluded any further inquiry; but the section does no such thing,—it leaves the question of fact whether the objector is a creditor, precisely where the question of interest is left in every case by the statutes relative to the estates of deceased persons. Whether a person claiming to oppose probate, to file allegations against probate, to have letters of administration, to call for an inventory or account, or demand payment of a debt, legacy, or distributive share, is in fact a creditor, legatee, or next of kin, must be determined by the Surrogate. In some cases, the allegation of interest is one of substance, and may be controverted by adverse testimony; but where the application is only to have an inventory and account, or to compel an executor to give security, or an administrator to increase his bonds, it would be very inconvenient in the first instance to try the question of interest, and travel through a long investigation, before determining whether the application should be granted. The practice has been in that class of cases, to require

merely a positive allegation of interest; and if facts are stated on oath sufficient, if uncontroverted, to show a legal interest, the merits of the claim will not be tried before entertaining the application. The least the party can do, however, when his right to intervene is denied, is to show distinctly how his interest arises, so that, on the facts as he alleges them, the Surrogate may see whether on his own showing he possesses a sufficient legal interest. I must, therefore, order the affidavit of Mr. Burwell to be amended so as to indicate the grounds on which he claims to be a creditor.

---

### In the same matter.

SEVERAL parties having filed affidavits stating that they were creditors of the deceased, and intended to present objections against a grant of letters to the executors or one of them, the executrix has applied for an order to compel the creditors to file their objections. The statute directs, that on filing the affidavit of intention to object, the Surrogate " shall stay the granting of letters testamentary for at least thirty days, unless the matter shall be sooner disposed of." (*Laws*, 1837, *Ch.* 460, § 22.) It is clear, therefore, that the matter may be disposed of before the expiration of thirty days ; and, no specific time being allowed to file the objections, I think the whole proceeding is under the control of the Surrogate. If the executor comes in and demands the exhibition of the objections, and there appears no reasonable ground for delay, it is competent to order the objections to be filed, to hear the allegations of the parties, and determine the case within thirty days. The creditors must therefore, be ordered to bring in their objections within a certain time.