NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-GATE.—February, 1884.

CREAMER v. WALLER.

*In the matter of the estate of* JOHN R. WALLER, *deceased.*

Under Code Civ. Pro., § 2715,—permitting a creditor . . . . . to present to the Surrogate's court proof, by affidavit, that an executor has failed to return an inventory within the prescribed time, and directing the Surrogate, if satisfied of the default, to make an order compelling the return,—an alleged creditor, whose claim is disputed, is entitled to the order, although the issue as to the indebtedness of the estate is one which the Surrogate's court has no jurisdiction to determine.

PETITION of Thomas J. Creamer, an alleged creditor of decedent's estate, why Mary N. Waller, executrix of decedent's will should not file an inventory, etc. The facts appear sufficiently in the opinion.

ORLANDO L. STEWART, *for petitioner*.

ROBERT SEWELL, *for executrix*.

THE SURROGATE.—It is provided, by § 2715 of the Code, that a creditor or person interested in an estate may present to the Surrogate's court proof, by affidavit, that an executor has failed to return an inventory within the time prescribed by law therefor. If the Surrogate is satisfied that such executor is in default, the same section directs that he "must make an order requiring the delinquent to return the inventory." Section 15 of part 2, ch. 6, tit. 3, of the Revised Statutes requires that such inventory shall be returned to the Surrogate within three months from the date of letters testamentary.

Section 2514 of the Code declares that, in construing the provisions of the 18th chapter, "the following rules must be observed, except where a contrary intent is expressly declared in the provisions to be construed, or is plainly apparent from the context thereof. . . . . . . The word *debts* includes every claim and demand upon which a judgment for a sum of money, or directing the payment of money, could be recovered in an action; and the word *creditor* includes every person having such a claim or demand. . . . . Where a provision of this chapter prescribes that a person interested . . . may apply for an inventory, an account," etc., "an allegation of his interest, duly verified, suffices, although his interest is disputed, unless he has been excluded by a judgment, decree, or other final determination, and no appeal therefrom is pending." This provision, however, has manifestly

no application to creditors, because, in the very subdivision of § 2514 in which it appears, the term "person interested" is defined as including "every person entitled absolutely or contingently to share in the estate, etc., *except as a creditor.*"

In the present case, the allegation in reference to the petitioner's claim was, as first presented, in these words: "that such estate is indebted to your petitioner to the amount of $100,000, and upwards, no part of which has been paid." In the absence of any denial, I should have deemed that allegation sufficient to justify granting the petition (Wever v. Marvin, *14 Barb., 376*). But I should not have felt at liberty to grant it in the face of the answer which was interposed, without some statement of the facts upon which the applicant based his claim to be a creditor of the estate (Burwell v. Shaw, *2 Bradf., 322*). Such a statement has been supplied since the oral argument. The moving party has presented affidavits whose allegations disclose the nature of his demand, and would suffice if undisputed to establish its validity. To these affidavits the counter-affidavit of the executrix has been interposed. An issue is thus raised which cannot be determined in this court. But I hold, as I have always held under similar circumstances, that the petitioner is entitled to the relief for which he applies (see Thomson v. Thomson, *1 Bradf., 24;* Cotterell v. Brock, *1 Bradf., 148*).