NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—December, 1885.

SCHMIDT *v.* HEUSNER.

*In the matter of the estate of* ANDREAS SCHMIDT,
*deceased.*

Under Code Civ. Pro., § 2514, subd. 11, providing that, where "a person
interested" is permitted by ch. 18 to "apply for an inventory," etc.,
"an allegation of his interest, duly verified, suffices, although his in-
terest is disputed," one of the next of kin of an intestate may obtain
such relief, in spite of an averment that he has executed an assign-
ment of his share, which he assails as void for fraud in its procure-
ment.

APPLICATION by Andrew Schmidt, a son, and one
of the next of kin of decedent, for an order directing
Annie Heusner and another, administrators of the
latter, to file an inventory.

M. C. GROSS, *for the application.*

LOUIS COHEN, *for administrators.*

THE SURROGATE.—This decedent died intestate.
To an application made by his son, one of his next of
kin, for an order directing the administrators of the
estate to file an inventory, the administrators have
interposed an answer in which, they allege that the
petitioner is not a person interested in the estate, and
that, before the making of this application, he sold,
assigned and transferred to Annie Heusner, one of
the respondents, all his right, title and interest in and

to any effects left by his deceased father.   This answer the petitioner meets by an affidavit wherein, among other things, he sets up that his signature to the alleged assignment was procured by fraud practiced on him by the respondent.

Upon this state of facts, the petitioner's application must be granted.   It was held by Surrogate BRADFORD, in Thomson v. Thomson (1 *Bradf.*, 24), that the mere appearance of an interest on the part of an applicant is ordinarily sufficient to authorize an order for the filing of an inventory or account, even though the claim of interest is contested by the executor or administrator.   Such is now the doctrine of the Code of Civil Procedure (§ 2514); such, also, was formerly the course of procedure in the Ecclesiastical courts (Kenny v. Jackson, 1 *Hagg.*, 105; Smith v. Price, 1 *Lee*, 569; Philipson v. Harvey, 2 *Lee*, 344; Gale v. Luttrell, 2 *Add.*, 234; Wainford v. Barker, 1 *L'd Raymond*, 232); and such has been the general practice of the Surrogate's court of this county (Burwell v. Shaw, 2 *Bradf.*, 322; Cotterell v. Brock, 1 *Bradf.*, 148; Fraenznick v. Miller, 1 *Dem.*, 136, and cases cited at p. 154; Creamer v. Waller, 2 *Dem.*, 351).