(74 Misc. Rep. 312.)

## In re DOLLARD et al.

(Surrogate's Court, Kings County. November, 1911.)

EXECUTORS AND ADMINISTRATORS (§ 507\*)—COMPULSORY ACCOUNTING—JURISDICTION OF SURROGATE.

In a proceeding by a legatee for a settlement of the accounts of an executor, the surrogate has jurisdiction, under Code Civ. Proc. § 2472a, to determine whether an assignment by petitioner of all his interest in the estate to the executor, and waiving his rights therein, set up by the executor as a defense to the proceedings, was obtained by fraud.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2004, 2005, 2178–2191; Dec. Dig. § 507.\*]

Petition by Theodore E. Dollard for judicial settlement of the account of Henry S. Dollard and Albert H. Dollard, executors. Application granted.

Order affirmed 133 N. Y. Supp. 1118.

Matthew W. Wood, for petitioner.
Pickett & Miller (William P. Pickett, of counsel), for executors.

KETCHAM, S. In a proceeding for compulsory accounting, the petitioner alleges that he is a legatee, entitled as such to one-fifth of the estate. The answer to his petition is a denial of the allegation that he is entitled to a share in the estate, and, further, an allegation that the petitioner executed and delivered to one of the executors an instrument whereby he assigned to such executor personally all his interest as legatee and devisee under the will of the decedent and waived all his rights as such legatee and devisee. The answer also alleges that the petitioner has brought an action to cancel the instrument above mentioned as having been procured by fraud and deceit. To this the petitioner has filed his reply, circumstantially pleading that the instrument set up in bar of the accounting was obtained by fraud and is invalid in equity, and that a portion of the estate of decedent belonging to the petitioner, which did not pass by the terms of the instrument, has been withheld from him by the executors.

The question results: Has the surrogate jurisdiction to direct an accounting? Without any enabling effect from section 2472a of the Code of Civil Procedure, the duty of the surrogate to direct an account or other form of relief to which a legatee or distributee would ordinarily be entitled has been held to continue, even when the executor or administrator alleges a release, assignment, or settlement by the petitioner, provided that the instrument in question is impeached by the person against whom it is pleaded. Cotterel v. Brock, 1 Bradf. Sur. 148; Bonfanti v. Deguerre, 3 Bradf. Sur. 429; Rieben v. Hicks, 4 Bradf. Sur. 136; Harris v. Ely, 25 N. Y. 138; Fraenznick v. Miller, 1 Dem. Sur. 136; Creamer v. Waller, 2 Dem. Sur. 351; Matter of Read, 41 Hun, 95. The law is that such release or assignment, if not questioned by the petitioner, is a bar to relief against the representatives of the estate. Matter of Wagner, 119 N. Y. 28, 23 N. E.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

200; Matter of Pruyn, 141 N. Y. 544, 36 N. E. 595. But when the instrument asserted by the executor is alleged by the legatee to be void upon equitable grounds, fairly pleaded, it has long been held that the surrogate had jurisdiction to direct an account or to grant such other forms of relief as were dependent upon a claim of an interest in the estate. Cases first cited supra. True, it was beyond the province of the court, before the enactment of section 2472a of the Code, to determine the validity or invalidity of the release or assignment; but, clearly, if a surrogate should hold that the release or assignment, though declared to be subject to equitable attack, was of sufficient force to bar the proceeding for an account, he would be discovered in the act of imputing to it a measure of validity.

This was remarked by Mr. Surrogate Rollins. Where the accountants claimed that the true course was to disregard the objections of legatees who were said to have executed releases and assignments, which they in turn attacked upon equitable grounds, Judge Rollins said, in Fraenznick v. Miller, 1 Dem Sur. 136, at page 153:

"But would not such a course imply an assumption that the instruments whose validity is attacked are in fact valid? In other words, would it not practically involve just such a determination of their validity as the court has no right to make? It seems to me that one or the other of two courses should be taken for protecting the rights of all parties in such controversies as these. Either the inquiry into the correctness of the accounts should be postponed, until an adjudication is had, in the matter as to which the court lacks jurisdiction, or, if the inquiry is suffered to proceed, every person who claims a share or an interest in the estate should be allowed to take part therein, despite the fact that he is alleged to have assigned or released such share or interest, provided that he interposes allegations of fact disputing the validity of such assignment or release, and that, but for such assignment or release, he would be entitled to such interest or share. Thomson v. Thomson, 1 Bradf. Sur. 24; Burwell v. Shaw, 2 Bradf. Sur. 322; Dickson's Estate, 11 Phila. (Pa.) 86; Kenny v. Jackson, 1 Hagg. Ecc. 105; Greene v. Day, 1 Dem. Sur. 45; Giles v. De Talleyrand, 1 Dem. Sur. 97; Buchan v. Rintoul, 70 N. Y. 1."

If the assignment and waiver here alleged by the executors and attacked by the petitioner were held to be a bar to this proceeding, it could only be upon a finding that the instrument was good and valid for every present purpose. That is a finding which should not be made by a court which, unless its scope has been enlarged by section 2472a of the Code, is forbidden to make any finding in the premises.

It is also taught by the cases, prior to the enactment of section 2472a, that the surrogate could not include in a decree of distribution the legatee whose interest is questioned, and that such decree, if made, should suspend the claims of the legatee until the questions surrounding them be determined in a forum of adequate jurisdiction. Upon this state of the law, section 2472a of the Code has supervened, and the Surrogate's Court now has jurisdiction—

"upon a judicial accounting * * * to ascertain the title to any legacy or distributive share * * * and to exercise all other power, legal or equitable, necessary to the complete disposition of the matter."

Hence, long vested with the jurisdiction to direct an accounting between parties in the situation presented by these pleadings, the court no longer need await the judgment of another court, but may proceed

to a comprehensive adjustment of every right affecting the assignment, release, or waiver.

The pending action to set aside the assignment in question was commenced after the present proceeding. It constitutes no bar, and affords no ground for appeal to the discretion of the court to abate the petitioner's prayer. The settlement of the account can be best had in the court where it normally belongs.

The application is granted.