In the Matter of the Estate of BYRON W. FOLMSBEE, Deceased.

Surrogate's Court, Saratoga County, November 14, 1933.

*James E. Scully* [*Sheridan P. Wait* of counsel], for the petitioner Worthy Byron Folmsbee.

*Salvatore J. Leombruno* [*James S. Kiley* of counsel], for the respondent executor.

TUCK, S. The following rule is made upon the motion of respondent's counsel to dismiss the proceeding to compel an accounting upon the close of petitioner's case.

Byron W. Folmsbee died leaving a will which was duly admitted to probate by the Surrogate's Court of Saratoga county on January 21, 1932. Nellie L. Folmsbee, widow of the deceased and appointed executrix under the will, qualified and letters testamentary were issued to her.

Certain beneficial provisions were made in the will of Folmsbee for his widow and in addition a power was given her to dispose by her will to such of his relatives as she chose of the remainder of his estate after her death, and in default of the exercise of that

power the will of Folmsbee directed the manner of distribution of the residue.

The widow, executrix, procured from Folmsbee's next of kin releases of their interest in his estate. Upon the petition to compel an accounting respondent has set up these releases as a bar.

Estates are frequently settled out of court between representatives and persons interested and such settlements are not against public policy. A representative who has made such a settlement and distribution is entitled to set it up as a reason why he should not render an account for judicial settlement.

In reply to respondent's answer the petitioner has charged that the releases were obtained by fraud. Petitioner's proofs have been offered in support of the allegation of fraud and respondent moves to dismiss upon the ground that the petitioner has no interest in the estate; that the petitioner has a right to make an assignment of his interest and he has made such an assignment; that the burden of proving fraud is upon the parties setting it up; and that the proofs adduced do not sustain the charge of fraud. Ordinarily the burden of proving fraud is upon the person asserting it.

In a situation such as is now before the court, if it be made to appear that the parties did not act on an equality of knowledge, the agreement or adjustment, particularly if it is in contravention of a will, will be scrutinized jealously, and in such situation it is incumbent upon the stronger party to show affirmatively that no deception was practiced, and that all was fair, open, voluntary and well understood. (*Gugel* v. *Hiscox*, 138 App. Div. 61.)

The Surrogate's Court has jurisdiction to determine whether an instrument was obtained by fraud or is invalid in equity where executed by a petitioner for an accounting who has waived all his interest in the estate to the executor and waived his rights. (*Matter of Dollard*, 74 Misc. 312, 313; affd., 149 App. Div. 926; Surr. Ct. Act, § 40.)

The motion to dismiss the petition is. therefore, denied.