In the Matter of the Estate of ELMINA ROBERTSON, Deceased.

Surrogate's Court, Orange County, January 14, 1938.

*Wayne A. Bullock* [ *Urbane C. Lyon* of counsel], for the petitioners Benjamin C. Decker and Olive Saulsbury.

*Paul E. Brown,* for the petitioner Oscar F. Decker.

*Homer D. Owens*, for Pearl Ellis.

*Watts, Oakes & Bright [John Bright* and *Willard Vander Voort* of counsel], for the administratrix.

TAYLOR, S.   A number of petitions were presented to this court asking that the administratrix be required to account and that certain assignments of the petitioners' distributive shares obtained by and made to Winifred Slausenberg at the time she was actively engaged in obtaining renunciations to permit the appointment of herself as administratrix of this estate be set aside and declared void upon the ground they were obtained by fraud.   The administratrix admitted the assignments but denied the fraud.

It appears that there was an intimate relationship between the decedent and the administratrix, who were aunt and niece, and naturally, unless the decedent were a secretive person, the administratrix was in position to be more familiar with the decedent's financial affairs than any of the latter's other relatives.   The other relatives, brothers, sisters, nephews and nieces, lived at some distance from the decedent's home and very seldom did these relatives visit the decedent.

Shortly after the decedent's death Mrs. Slausenberg, prepared with written renunciations and assignments, visited the various distributees and, according to their testimony, save with respect to Olive Saulsbury, Mrs. Slausenberg represented that the estate was a more or less nominal one, and that the interests of these distributees might be completely exhausted " if they went to court."   Relying upon the truth of these statements, the distributees state that they executed these renunciations and assignments upon the payment to them of varying amounts, and learned subsequently that the estate was a fairly substantial one, and that they were really entitled to much greater sums than they received.

The administratrix denies making these representations as to the size of the estate and the approximate amounts which the various distributees would receive upon the settlement of the estate.   As trier of the facts the surrogate finds that representations were made by the administratrix as to the amount of the estate, except as to the petitioner Olive Saulsbury.   These representations were false.   The administratrix herself admitted that immediately after the decedent's death she acquired knowledge that the estate amounted to between $5,000 and $6,000, and even upon that figure the distributees would have been entitled to much larger shares than were paid to them.   It now appears that the total estate was in the neighborhood of $12,000.

There are numberless cases holding that in varied natures of fiduciary relationship the fiduciary owes to his *cestui que trustent* the duty of frank and complete statement of facts. (*Meinhard* v. *Salmon*, 249 N. Y. 458; *Fisher* v. *Bishop*, 108 id. 25; *Adair* v. *Brimmer*, 74 id. 539; *Wallace* v. *First Trust Co. of Albany*, 251 App. Div. 253; *Abramson* v. *Leo*, 240 id. 343; *Waterbury* v. *Barry*, 145 id. 773; *Matter of Long Island Loan & Trust Co.* [*Matter of Garretson*], 92 id. 1; affd., 179 N. Y. 520; *Matter of Peck*, 152 Misc. 315.)

The rule has been very eloquently stated by Chief Judge CARDOZO (now associate justice of the United States Supreme Court) in the *Meinhard* case: " Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the ' disintegrating erosion ' of particular exceptions * * *. Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court."

There are at least two cases which are very much in point and hold that an assignment made by a distributee to an administrator or to one about to become an administrator of an estate should be set aside when procured through false representation by the fiduciary. These are *Bartley* v. *Bartley* (248 App. Div. 726) and *Toomey* v. *Whitney* (94 id. 154).

There is an additional element in this case with respect to the decedent's sister, Olive Saulsbury, for with respect to the assignment of her interest in this estate there is no evidence that there was any representation of facts, either true or false, made to her to obtain her execution of the assignment of her interest in this estate. Nevertheless, Mrs. Slausenberg and Mrs. Saulsbury did not deal on terms of equality in that Mrs. Slausenberg had at least some knowledge of the amount of this estate, and, so far as appears, Mrs. Saulsbury had none. Further, although at the time the Saulsbury assignment was executed Mrs. Slausenberg had not been appointed administratrix, she had obtained, or was in the process of obtaining, renunciations of those having prior right to administration to the end that she might be appointed, and in the judgment of this court that created a relationship of trust between the parties. That relationship existing, Mrs. Slausenberg was required not only

to refrain from making any false representations but was under an active duty to disclose the true facts so far as she knew them. This she failed to do. (*Matter of Clark*, 233 App. Div. 487; *Gugel* v. *Hiscox*, 138 id. 61; *Kelly* v. *Delaney*, 136 id. 604; affd., 205 N. Y. 618; *Dolan* v. *Cummings*, 116 App. Div. 787; affd., 193 N. Y. 638; *Matter of Folmsbee*, 149 Misc. 426; *Matter of Ungrich*, 115 id. 762.)

It is no answer to Mrs. Saulsbury's claim that she may have been negligent in reposing confidence in Mrs. Slausenberg. (*Insurance Co. of North America* v. *Whitlock*, 216 App. Div. 78, 86.)

The assignments will be set aside and the administratrix required to account.

Settle order on five days' notice or by consent.