panion.   The weight of the evidence does not now concern the inquiry, nor how far the carrier should have carried its protection. It afforded none.   It withdrew what it had been extending, and joined in the illegal enterprise.

For the reasons stated, my conclusion is that there should have been a submission to the jury in each action.

---

BOARD OF EDUCATION OF UNION FREE SCHOOL DIST. NO. 1, TOWN OF OSSINING, v. STORMS.

(Supreme Court, Appellate Division, Second Department.   December 21, 1911.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 41*)—FISCAL MANAGEMENT—RECOVERY OF SCHOOL FUNDS—PARTIES DEFENDANT—FORMER OFFICERS.

If a school district was dissolved and consolidated with another district, an action could be maintained against the former treasurer of the dissolved district as an individual to recover funds in his possession, formerly belonging to the dissolved district, but now to the consolidated district; such person not then being an official.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 71–80;  Dec. Dig. § 41.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 41*)—CONSOLIDATION—EFFECT.

Laws 1894, c. 556, tit. 8, art. 5, § 30, as amended by Laws 1905, c. 258, provides that, upon dissolution of a school district and the annexation of its territory to another district, the latter shall succeed to all the rights of property possessed by the annulled district.   Education Law (Consol. Laws 1909, c. 16) § 34, provides that, when two or more districts shall be consolidated into one, the new district shall succeed to all the rights of property possessed by the annulled districts.   *Held* that, where school district No. 2 was dissolved and its territory consolidated with district No. 1, the latter district could recover money held by the former treasurer of district No. 2, even without alleging that his possession thereof was tortious;  district No. 1 being, after the consolidation, the owner of the money.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 41.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 41*)—FISCAL MANAGEMENT.

Since the funds of a school district the territory of which was annexed to another district belonged to the latter district, it could maintain an action to recover them in the hands of the former treasurer of annexed district without first submitting the question for the decision of the commissioner of education.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 41.*]

Appeal from Westchester County Court.

Action by the Board of Education of Union Free School District No. 1, Town of Ossining, against Edgar Storms.   From a judgment dismissing the complaint, plaintiff appeals.   Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Frank L. Young, for appellant.
Smith Lent, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMAS, J. As the plaintiff pleads, school district No. 2 was consolidated with school district No. 1 in the town of Ossining, and the action is to recover a sum of money after demand from plaintiff, withheld upon the ground that the latter is not entitled to it, at least pending a decision as to its disposition by the commissioner of education.

[1] A further objection raised is that the action is not maintainable against the defendant in his individual rather than in the capacity of treasurer of district No. 2. The defendant was not, when the action was begun, such treasurer, inasmuch as by its consolidation and dissolution district No. 2 had ceased to exist. Such dissolution was by virtue of chapter 556 of the Laws of 1894, whereof title 8, art. 5, § 30, had been amended by chapter 258, Laws 1905. The amendatory section provides that, upon such dissolution and the annexation of its territory to another district, the latter district "shall succeed to all the rights of property possessed by the annulled district." 'The education law (Consol. Laws 1909, c. 16, § 34) provides:'

"When two or more districts shall be consolidated into one, the new district shall succeed to all the rights of property possessed by the annulled districts."

Laws 1894, c. 556, § 12, tit. 6, provide:

"Though a district be dissolved, it shall continue to exist in law, for the purpose of providing for and paying all its just debts; and to that end the trustees and other officers shall continue in office, and the inhabitants may hold special meetings, elect officers to supply vacancies, and vote taxes; and all other acts necessary to raise money and pay such debts shall be done by the inhabitants and officers of the district."

The statement in the complaint that at the time of its dissolution district No. 2 had no debts or obligations to which the money was applicable is not denied. Hence section 12 has no application. The defendant's contention that the money is the property of the taxpayers of district No. 2 who paid the same finds no support in the statute. Section 10, tit. 6, c. 556, Laws 1894, relates to the partition of a district and the distribution of its parts to other districts.

[2] The discussion has so far proceeded upon the theory that district No. 2 is dissolved and in its entirety consolidated with district No. 1, and thereupon the conclusion is reached that the title to the property vested in district No. 1. The complaint alleges such annexation of district No. 2, and such allegation is not directly denied. But the answer affirmatively states that a part of school district No. 2 became a part of school district No. 1, and still remains a part thereof. This statement conforms to chapter 8, Laws 1909, which confirms the proceedings for the annexation, for it states that—

"all the acts and proceedings of the inhabitants of said school district number one, * * * whereby school district number one was enlarged by the addition thereto of the remaining portion of district number two of the small town of Ossining, * * * are hereby legalized."

This court is left in doubt as to the fact, but, as there should be a new trial, the truth will appear. It is useless at this time to forecast the application of section 10, tit. 6, c. 556, Laws 1894, or of sections

35 and 36 of the education law. The plaintiff was not required to allege conversion by the defendant. The defendant, once an official, became an individual holder of the money, and was detaining it for its rightful owner, whereupon the plaintiff presented itself as such owner and sued after demand. There was no legal necessity for charging that the defendant's holding was tortious.

[3] The property belongs to plaintiff, and it was not constrained to submit the controversy to the decision of the commissioner of education. The duties and powers of such officer in such regard are stated in section 360 of the education law, and are similar to those vested in the superintendent of public instruction by title 14, c. 556, Laws 1894. The section enumerates the power of hearing and decision vested in the commissioner of education, and for its purposes grants an appeal or petition to the commissioner. But, as the statute vests the title of the property in the consolidated school district, it was not constrained, even if it be considered that it had the right to do so, to appeal to the commissioner for a final decision of the matter.

The judgment should be reversed and a trial of the action had, costs to abide the event. All concur.