ALICE M. BARRINGER, Respondent, *v.* GEORGE T. POWELL and Others, as Trustees of School District No. 3 in the Township of Ghent, in the County of Columbia and State of New York, Appellants.

Third Department, July 1, 1918.

Schools — consolidation of school districts — dissolved school district retains legal existence for purpose of paying debts — breach of contract employing school teacher — when action does not lie against trustees of consolidated district — Education Law construed — powers of Educational Commissioner discussed.

As the Education Law, section 135, provides that although a school district be dissolved it shall continue to exist in law for the purpose of providing for and paying all its just debts, on the breach of a contract employing a school teacher made by the trustees of a school district which was subsequently dissolved and consolidated with another district, the teacher engaged cannot maintain an action against the trustees of the consolidated district to recover her salary. Her remedy is against the trustees of the district which employed her.

The Commissioner of Education has jurisdiction of the subject-matter of the controversy aforesaid.

JOHN M. KELLOGG, P. J., dissented, with opinion.

APPEAL by the defendants, George T. Powell and others, as trustees, from a judgment of the Supreme Court in favor

of the plaintiff, entered in the office of the clerk of the county of Columbia on the 17th day of December, 1917, upon the decision of the court.

*Crandell & Graf* [*John L. Crandell* of counsel], for the appellants.

*Elmer S. Luckenbach*, for the respondent.

WOODWARD, J.:

The complaint alleges that the plaintiff is a resident of the township of Ghent, this State, and that she is a duly qualified teacher; that the defendants are the duly chosen trustees of school district No. 3 of the township of Ghent, which is a municipal corporation; that on or about the 10th day of May, 1915, she entered into a contract in writing with the then sole trustee of school district No. 8 of said township, under the provisions of which she was to teach the school in said district No. 8 during a period of forty consecutive weeks, commencing on or about August 30, 1915, at a weekly compensation of ten dollars; that she subsequently tendered her services to said sole trustee, but that said sole trustee neglected and refused to provide for the opening of the school, or to enable her to perform her said contract; that subsequent to the making and entering into said contract there was filed with the Department of Education of the State of New York a paper dissolving said school district No. 8, town of Ghent, and annexing its territory to school district No. 10, town of Ghent, which order was to take effect on the 2d day of August, 1915; that after such consolidation she duly and properly notified the trustees of the consolidated school district No. 10 of her contract with the sole trustee of the former district and duly and properly tendered her services to the trustees of said consolidated school district and demanded of them that they fulfill and permit her to fulfill the terms of said contract with school district No. 8; that the defendants, as trustees of said consolidated school district No. 10, neglected and refused to permit her to perform her contract, to her damage; that she subsequently appealed to the Commissioner of Education of the State of New York, who took jurisdiction and rendered a decision (set forth in full) in which it was

" ordered that the contract between George M. Waltermire, trustee of former district No. 8, town of Ghent, Columbia County, and Mrs. Alice M. Barringer, be and the same hereby is declared to be a valid contract; and that because of the dissolution of such district No. 8 and its annexation to district No. 10, now district No. 3, such contract be and the same hereby is declared to be a binding obligation of said consolidated district;" that the consolidated district became known as district No. 3; that the plaintiff was deprived of the opportunity to earn the sum of $400, and that she is damaged in this amount, with interest thereon from the date when the employment would have commenced under the terms of the contract; that she demanded the said sum of $400 with interest, prior to the commencement of her action, but that the same has been refused by the defendants.

The defendants make substantially a general denial of the complaint, in so far as it alleges a liability on the part of district No. 3, and set up a defense to the effect that the contract was made with the sole trustee of school district No. 8, and that the cause of action, if any, is against said school district No. 8. A partial defense is alleged that the plaintiff had an opportunity to teach at a compensation equal to that agreed upon in the contract, and that she refused to accept such employment; but in the view we take of this case neither of the matters alleged by way of defense is necessary to be considered.

We are unable to discover by what process of reasoning school district No. 3 can be held liable for the general contract liabilities of school district No. 8, simply because the latter district has been dissolved and its territory merged in district No. 3. Of course the Legislature might have provided that the contracts of a dissolved district should be taken over and performed by the district into which its territory was merged, but it has not seen fit to exercise this power, but on the contrary has specially provided (Education Law [Consol. Laws, chap. 16; Laws of 1910, chap. 140], § 135) that " though a district be dissolved, it shall continue to exist in law, for the purpose of providing for and paying all its just debts; and to that end the trustees and other officers shall continue in office, and the inhabitants may hold special meetings,

elect officers to supply vacancies and vote taxes; and all other acts necessary to raise money and pay such debts shall be done by the inhabitants and officers of the district."

This is no new principle. A copartnership is dissolved by the death of one of the partners, but the surviving partners are charged with the duty of paying the debts and obligations of the dissolved partnership, and the partnership, through its survivors, is continued for these purposes. It is to be observed that the language of the statute is that it " shall continue to exist in law, for the purpose of *providing for and paying all its just debts.*" The just debts of a municipal corporation are such as it is legally bound to pay. The plaintiff's contract, and the rights which grew out of it, constituted one of the debts of the school district within the intent of the Legislature, for no other provision is made for meeting such an obligation, and the Legislature had no power to impair the obligation of a contract. (U. S. Const. art. 1, § 10, subd. 1.) This is made entirely clear when we read section 134-a of the Education Law (as re-num. from § 133 and amd. by Laws of 1913, chap. 129), which provides that " Whenever two or more districts are dissolved * * * or consolidated as provided in section one hundred and thirty-two, the *bonded indebtedness* of any such district shall thereupon become a charge upon the enlarged district formed by such annexation." By specifically providing for the bonded indebtedness of such a district to become a charge upon the enlarged district the Legislature, by necessary implication, excluded all other indebtedness, under the maxim of *expressio unius est exclusio alterius* (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54, 57), and while this maxim will not be permitted to defeat the obvious legislative intent, where it conflicts with the letter of a statute, such intent must, nevertheless, be discernible in the context of the statute itself. (*Aultman & Taylor Co.* v. *Syme, supra.*) Here, in the very next section, we have the legislative declaration that the dissolved district " shall continue to exist in law, for the purpose of providing for and paying all its just debts," which obviously means its obligations of every character aside from the bonded indebtedness which has already been provided for in the law.

The learned Commissioner of Education says in his opinion that " A teacher's contract executed prior to the taking effect of an order of consolidation becomes the contract of the consolidated district, unless it appears, as above indicated, that such contract was executed after due notice of the order of consolidation. The consolidated district succeeds to all the rights of property possessed by the dissolved district (See Education Law, § 137) and it must logically follow that such district incurs the contractual obligations existing at the time of the consolidation." (*Matter of Barringer*, 8 State Dept. Rep. 599, 602.) But in this the Commissioner is clearly in error for the reasons already pointed out. The contractual obligations of a school district are not a lien upon the property of the district held in trust for educational purposes; they are to be paid out of the taxes levied and collected out of the property of the individuals residing or owning property within the district, and the life of the dissolved district is continued expressly for the purpose of " providing for and paying all its just debts; and to that end the trustees and other officers shall continue in office, and the inhabitants may hold special meetings, elect officers to supply vacancies and vote taxes; and all other acts necessary to raise money and pay such debts shall be done by the inhabitants and officers of the district." (Education Law, § 135. And see *Board of Education* v. *Storms*, 147 App. Div. 679.)

We are of the opinion that the Commissioner of Education had no jurisdiction of the subject-matter of this controversy, and that his determination that this teacher's contract was a binding obligation of the consolidated district has no bearing upon the disposition of this case. Large as are the powers of the Commissioner of Education, he has not been vested with jurisdiction of actions upon contract either directly or on appeal. His jurisdiction is an enumerated jurisdiction (Education Law, § 880), and when he assumes to go outside of the enumerated powers he is acting without jurisdiction (*Matter of Holzworth*, 166 App. Div. 150, 154; affd., without opinion, 215 N. Y. 700), and his determinations are not binding even upon an assenting party. (*Matter of Heinze*, 179 App. Div. 453, 455, and authorities there cited.) And the question of jurisdiction may be raised directly or collaterally

whenever the power of the court to render the decision is brought in question. (*O'Donoghue* v. *Boies*, 159 N. Y. 87; *Knickerbocker Trust Co.* v. *O., C. & R. S. R. Co.*, 201 id. 379, 386.)

We are of the opinion that the contract is the contract of school district No. 8, and that there is no legal liability on the part of the defendants in this action.

The judgment appealed from should be reversed, with costs, and the complaint dismissed.

H. T. KELLOGG, J., concurred; JOHN M. KELLOGG, P. J., dissented in memorandum.

COCHRANE, J. (concurring in result):

I agree with Mr. Justice WOODWARD in his construction and application of the law applicable to this case, except that I do not agree that the Commissioner of Education was without jurisdiction in respect to this controversy. I think he had jurisdiction. (Education Law [Consol. Laws, chap. 16; Laws of 1910, chap. 140], § 880, subds. 4, 7; *People ex rel. Yale* v. *Eckler*, 19 Hun, 609; *People ex rel. Bowers* v. *Allen*, 19 Misc. Rep. 464; *Whitbeck* v. *Billings*, 3 T. & C. 764.) Especially is that true in this case where the defendants appeared before the Commissioner and answered the appeal and submitted to his jurisdiction without objection. (*People ex rel. Yale* v. *Eckler*, *supra*.) But the statute (Education Law, § 881) confers on the Commissioner power " to make all orders  *  *  *  proper or necessary to give effect to his decision." Resort to an action in this court is, therefore, unnecessary and improper. Ample power resides with the Commissioner to enjoin obedience to his orders. (*People ex rel. Bowers* v. *Allen*, 19 Misc. Rep. 464, 466.) And if perchance under some circumstances resort to the plenary powers of this court might be necessary in order to enforce his orders, such appropriate remedy would not be a common-law action like this for the recovery of a money judgment. The plaintiff by resorting to such an action has in reality abandoned the remedy which she invoked when she took her appeal to the Commissioner. We are not questioning or reviewing his decision within the meaning of the statute

(§ 880), for the reason that such decision is not properly involved in this action.

Therefore, I concur in the result.

LYON, J., concurred.

JOHN M. KELLOGG, P. J. (dissenting):

The Education Law contemplates that disputes arising in its ordinary administration shall be settled by the Commissioner of Education when brought before him on appeal. It is the public policy of the State to keep school controversies out of the courts and to have them summarily adjusted by the school authorities, and section 880 of the Education Law (Consol. Laws, chap. 16; Laws of 1910, chap. 140) provides for an appeal by any party aggrieved to the Commissioner of Education from any determination made by the school officers with reference to the school laws. The language is broad and very comprehensive. It embraces an appeal from any action " By the trustees of any district in paying or refusing to pay any teacher, or in refusing to admit any scholar gratuitously into any school or on any other matter upon which they may or do officially act " (Subd. 4), and " By any other official act or decision of any officer, school authorities, or meetings concerning any other matter under this chapter, or any other act pertaining to common schools " (Subd. 7).

The plaintiff concededly was employed as a teacher in district No. 8, which was duly consolidated into district No. 3. She claimed the right to teach in district No. 3 under her contract, and appealed to the trustees of that district to recognize her contract. They denied her claim and she appealed to the Commissioner of Education. Both parties were heard and he, in substance, decided that her contract was binding upon the consolidated district. He did not pass upon the amount of damages recoverable by the plaintiff but left that matter for adjustment by the parties or settlement in the courts. I think the appeal was fairly within the jurisdiction of the Commissioner and that his decision is final. (*People ex rel. Jennings* v. *Finley,* 175 App. Div. 204.) I, therefore, favor affirmance.

Judgment reversed and complaint dismissed, with costs.