In re HOLZWORTH.

In re SLATER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. February 19, 1915.)

EXECUTORS AND ADMINISTRATORS (§ 314*)—SETTLEMENT OF ACCOUNT—DISTRI-
BUTION OF ASSETS—STATUTE—"LEGATEE OR DISTRIBUTEE."

Under Code Civ. Proc. § 2736, authorizing a surrogate, upon decree
settling the account of an executor, to adjudge a delivery in specie of the
assets of the estate when all the parties interested consent thereto by
writing, or when any legatee or distributee files a consent thereto, a con-
sent filed in the lifetime of the life tenant, by remaindermen in a testa-
mentary trust fund having no present right of payment or distribution,
without any filed consent by the trustee, who was a distributee only in a
representative capacity, did not confer jurisdiction to decree a delivery in
specie, since they were not "legatees or distributees"; and section 2510
giving the Surrogate's Court equity jurisdiction in proceedings before it
in the cases and in the manner prescribed by statute to settle the ac-
counts of executors, and to order distribution of money or funds of a
decedent's estate, was limited to the specified cases, and the general equi-
table power was to be exercised as prescribed by the provisions of such
section.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 1274–1297; Dec. Dig. § 314.*]

Appeal from Surrogate's Court, Westchester County.

In the matter of the final judicial settlement of the account of Sarah
S. Holzworth, as executrix of the estate of William N. Slater, de-
ceased. From parts of a decree of the Surrogate's Court of West-
chester County, said executrix appeals. Decree, so far as appealed
from, reversed as to the direction to distribute in specie.

See, also, 151 N. Y. Supp. 1075.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and
PUTNAM, JJ.

John M. Holzworth, of New York City (Edw. R. Finch, of New
York City, of counsel), for appellant.

William A. Davidson, of Port Chester, for respondents Slater.

Jerome A. Peck, of New York City, for respondent Mutual Trust
Co. of Westchester County.

CARR, J. There are two appeals here argued as one—one an appeal
from a decree of the Surrogate's Court in Westchester county, and an-
other from an order made by the Surrogate's Court in that county
denying a motion to set aside and vacate the decree.

William N. Slater died in Westchester county, possessed of a consid-
erable estate. He made a last will and testament, which was admitted to
probate. By this will he appointed his wife, Sarah B. Slater, as his sole
executrix. Evidently the decedent was very fond of his wife, for he
gave her in the will one-half of his estate, and conferred upon her, as
executrix, more than ordinarily full powers. After directing the pay-
ment of his debts, he gave one half of the residue to his widow, and
the other half to the Mutual Trust Company of Westchester county,
to hold the same in trust and to pay over to his widow, Sarah B. Slater,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

during her lifetime, the full income of the corpus of the trust estate, and at her death to pay over the trust fund to his sister, Mary G. Slater, and his brother, Abraham H. Slater, in equal shares. By this will he authorized his executrix, in her discretion, to maintain the assets in specie or to convert them into cash, and to distribute them in cash or in specie, at her discretion, and he directed that, if these assets were turned over in specie to the trustee for the purposes of the trust mentioned in the will, the trustee might maintain them in specie, without being liable in any way because they were not such investments as might be made by trustees under prevailing law, and that neither the trustee nor the executrix should be liable even for negligence in holding the assets of his estate.

These assets consisted principally of 329 shares of stock in a corporation known as the Port Chester Lumber Company. The capital stock of this company was 450 shares, and the decedent owned the controlling interest therein. About five years after the death of the testator, a proceeding was begun to compel the executrix to account, and an order was made accordingly. In her account she stated that she still held the shares of stock of the Port Chester Lumber Company unsold and explained the reasons why she had not sold them. These reasons were substantially as follows: The decedent's interest in that corporation was so large that his estate had the controlling stock interest therein. The executrix was of opinion that it would be to the greater advantage of the estate of the decedent to sell this controlling stock interest in one block, in order that it might command a higher price, and that she had endeavored so to do. . This reason is quite intelligible.

Pending the decree of the surrogate on the accounting proceedings, the sister, Mary G. Slater, and the brother, Abraham H. Slater, filed a consent in writing to take their respective shares in specie; that is, in the stock of the Port Chester Lumber Company. The circumstances under which a surrogate may render a judicial decree settling the account of an executor or administrator and adjudge a delivery in specie of the assets of an estate are set forth in full in section 2736 of the Code of Civil Procedure:

"Sec. 2736. Id.—When Specific Property may be Delivered.—"In either of the following cases, the decree may direct the delivery of an unsold chattel, or the assignment of an uncollected demand, or any other personal property, to a party or parties entitled to payment or distribution, in lieu of the money value of the property:

"1. Where all the parties interested manifest their consent thereto by a writing filed in the surrogate's office.

"2. Where any legatee or distributee files a consent to accept as payment in whole or in part any specified personal property at a value to be ascertained by appraisement.

"3. Where it appears that a sale thereof, for the purpose of payment or distribution, would cause a loss to any infant or incompetent legatee or distributee, and the value thereof has been fixed by appraisement.

"The value must be ascertained, if the consent does not fix it, by an appraisment under oath, made by one or more persons appointed by the surrogate for the purpose."

I think it is evident from a reading of that section that a consent filed by the remaindermen in the trust fund created by the will of the dece-

151 N.Y.S.—68

dent was not sufficient to confer upon the surrogate jurisdiction to decree a delivery in specie. In the first place, they are not legatees or distributees in the meaning of that section. Neither of them has any present right of payment or distribution. The Mutual Trust Company, as the trustee, was a distributee, but in a representative capacity, practically as a custodian. It represented not only the remaindermen, but the life tenant in the corpus of the trust fund. It filed no consent to take the trust fund in specie. In a case such as this, where the life tenant objects, the remaindermen may not make an election against her objection. If the Mutual Trust Company be considered as a distributee, without regard to the purposes for which it is a distributee, then, as it has not filed the consent mentioned in section 2736 of the Code of Civil Procedure, the surrogate had no jurisdiction whatever to act as he did, unless there is some other provision of the statute which confers the power upon him.

Personally, I think a consent of the trustee, if it had been filed, could not have been operative against the will of those whom it represented. It is claimed, however, by the respondents, that by section 2510 of the present Code of Civil Procedure the Surrogate's Court has been given full equity jurisdiction in every proceeding that comes before it, and that the surrogate of Westchester county in the case now before us had the power to exercise this full equity jurisdiction on the facts that came before him. It is, of course, true that in section 2510 of the Code of Civil Procedure the Legislature has declared as follows:

"Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction, as follows: To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, or between any party and any other person having any claim or interest therein who voluntarily appears in such proceeding, or is brought in by supplemental citation, as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires."

But this legislative declaration is followed immediately by language as follows:

"And in the cases and in the manner prescribed by statute: * * * 3. To direct and control the conduct, and settle the accounts, of executors, administrators, and testamentary trustees; to remove testamentary trustees, and to appoint a successor in place of a testamentary trustee. 4. To enforce the payment of debts and legacies; the distribution of the estates of decedents; and the payment or delivery, by executors, administrators, and testamentary trustees, of money or other property in their possession, belonging to the estate or fund."

As I understand the law of statutory construction, all general phrases in a statute must yield to a particular specification contained in the same statute. As to the subdivisions of section 2510, just quoted, the cases and the manner in which the surrogate may exercise his equitable jurisdiction are specified particularly. Where there is such a specification, it must exercise its jurisdiction in accordance with the specification. Its general equitable power must yield to the statutory restrictions upon it, or directions as to it, and where the statute pre-

scribes when and how it shall act, it cannot act otherwise than is prescribed. I think this is so well settled, even as to courts of general equitable jurisdiction, as to require no discussion.

Under these circumstances, we must reverse the decree of the Surrogate's Court of Westchester county as being without jurisdiction as to its direction to distribute the remaining assets of the estate in specie. The decree of the Surrogate's Court of Westchester county, so far as appealed from, is reversed, with costs and disbursements, as to the direction to distribute in specie. All concur.

---

### In re HOLZWORTH.

### In re SLATER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. February 19, 1915.)

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.