These orders are not reviewable here except upon leave duly granted. The appeals from such orders must, therefore, be dismissed, with costs.

The appellant by a third notice appeals from the judgment of the Appellate Division modifying that of the Special Term. (See return, folios 1 to 23.) In the notice of appeal he states that he will bring up for review various orders which are specified. This appeal being from the judgment as distinguished from the order of modification appears to be properly taken and, therefore, the motion to dismiss must be denied. It is not necessary at the present time to adjudge how far the appellant may bring up for review the orders specified in his notice of appeal.

Motion to dismiss appeals from orders granted and appeals dismissed, with ten dollars costs of motion. Motion to dismiss appeal from judgment denied, with ten dollars costs.

In the Matter of the Accounting of SARAH S. HOLZ-WORTH, as Executrix of WILLIAM N. SLATER, Deceased, Respondent.

ABRAHAM H. SLATER et al., Appellants.

*Matter of Holzworth*, 166 App. Div. 150, affirmed.
(Argued May 26, 1915; decided June 15, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered March 22, 1915, which reversed a decree of the Westchester County Surrogate's Court directing distribution of the estate of William N. Slater, deceased, in kind. Decedent by his will gave one-half of his estate to his widow and left the other half in trust for her benefit, with remainder at her death to his brother and sister in equal shares. The assets consisted principally of 329 shares of stock in a corporation known as the Port Chester Lumber Com-

pany. The capital stock of this company was 450 shares, and the decedent owned the controlling interest therein. About five years after the death of the testator a proceeding was begun to compel the executrix to account, and an order was made accordingly. In her account she stated that she still held the shares of stock of the Port Chester Lumber Company unsold and explained the reasons why she had not sold them. Pending the decree of the surrogate on the accounting proceedings, the sister, Mary G. Slater, and the brother, Abraham H. Slater, filed a consent in writing to take their respective shares in specie, that is, in the stock of the Port Chester Lumber Company.

*J. Addison Young* and *William A. Davidson* for appellants.

*Edward R. Finch* and *John M. Holzworth* for respondent.

Order affirmed, with costs; no opinion.

Concur: WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN, CUDDEBACK, HOGAN, CARDOZO and SEABURY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN KROHN, Appellant, *v.* THE WARDEN AND KEEPER OF CITY PRISON, BROOKLYN, et al., Respondents.

*People ex rel. Krohn* v. *Warden, etc., City Prison, Brooklyn*, 168 App. Div. ——, affirmed.

(Argued May 26, 1915; decided June 15, 1915.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 30, 1915, which affirmed an order of Special Term dismissing a writ of habeas corpus and remanding the relator to custody. The appellant was arrested, charged