In the Matter of the Estate of DAVID MONDSHAIN, Deceased.

MAX SHEINBAUM, Appellant; RACHEL MONDSHAIN, as Administratrix, etc., of DAVID MONDSHAIN, Deceased, Respondent.

First Department, February 21, 1919.

Surrogate's Court — equitable jurisdiction — jurisdiction to set aside general release under seal induced by fraud — submission to trial of issue not waiver of objection to jurisdiction.

The Surrogate's Court has no jurisdiction under section 2510 of the Code of Civil Procedure, as amended by chapter 443 of the Laws of 1914, to set aside a general release under seal by the administratrix of a decedent upon the ground of fraud.

The mere submission to a trial of such an issue before the surrogate is of no importance because the question of jurisdiction may be raised at any time and jurisdiction cannot be conferred by consent.

APPEAL by Max Sheinbaum from an order and decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 20th day of November, 1918, vacating and setting aside a general release given by the administratrix to appellant.

*Arthur Leonard Rosenberg*, for the appellant.

*Jacob M. Kram*, for the respondent.

SHEARN, J.:

The proceeding in the court below was one for discovery and alleged the transfer of moneys by the decedent to the respondent in the court below and his refusal to disclose the same, the execution and delivery by the petitioner to said respondent of a general release under seal, and that such release was induced by fraud. The respondent below denied the allegations of fraud and demanded a jury trial of the issues. The surrogate in a memorandum decided that " * * * the answer alleges title in the respondent. Before this issue can be disposed of on a trial, as provided in section 2676, Code of Civil Procedure, the preliminary question respecting the general release alleged to have been procured by fraud must be disposed of." Accordingly the hearing was held before the surrogate, at the end of which hearing the surrogate said: " I believe both sides are not telling the truth, and I will let them have an opportunity to see whether Max got the money before the man died or not. * * * This release at present is a bar to going on. I will set it aside and you can go on and try the whole question. The general release is set aside only for the purpose of hearing the whole matter." Accordingly an order was entered adjudging and decreeing that the release be vacated and set aside. The mere fact that the appellant submitted to a trial of the issue before the surrogate is of no importance because the question of jurisdiction can be raised at any time and jurisdiction could not be conferred by consent. The question is squarely presented, therefore, whether the Surrogate's Court has jurisdiction to set aside a general release under seal. Such jurisdiction must be found under section 2510 of the Code of Civil Procedure, as amended by chapter 443 of the Laws of 1914. While that section begins with a broad general grant of equity powers to the surrogate to administer justice in all matters relating to the affairs of decedents, and to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, this legislative declaration is immediately followed by language as follows: " And in the cases and in the manner prescribed by statute." Then follow eight subdivisions prescribing the cases. In *Matter of Holzworth* (166 App.

Div. 150; affd., 215 N. Y. 700) the court said: " As I under-
stand the law of statutory construction, all general phrases in
a statute must yield to a particular specification contained in
the same statute. As to the subdivisions of section 2510,
just quoted, the cases and the manner in which the surrogate
may exercise his equitable jurisdiction are specified par-
ticularly. Where there is such a specification, it must exercise
its jurisdiction in accordance with the specification. Its
general equitable power must yield to the statutory restric-
tions upon it or directions as to it, and where the statute
prescribes when and how it shall act, it cannot act otherwise
than is prescribed." Setting aside a general release on the
alleged ground of fraud is not within any of the cases specified
in the eight subdivisions of section 2510 of the Code of Civil
Procedure, and the surrogate was without jurisdiction to try
the issue and make the order appealed from

The order should be reversed, with ten dollars costs and
disbursements.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ.,
concurred.

Order reversed, with ten dollars costs and disbursements.