Matter of the Judicial Settlement of the Account of
REGINALD G. WHITTEMORE, Executor of HELENA
GLASER KEELER, Deceased.

(Surrogate's Court, Westchester County, December, 1919.)

**Surrogate's Court — jurisdiction of — executors and administrators — claims — mortgages — Code Civ. Pro. § 2510.**

> Where upon the sale in foreclosure under a first mortgage
> on decedent's property, the sum realized was insufficient to
> pay any part of a second mortgage which decedent about ten
> years before her death had given upon an exchange of prop-
> erties, and upon the settlement of the accounts of the executor
> those interested in the estate and the holder of the second
> mortgage are the only parties before the court, the surrogate,
> under section 2510 of the Code of Civil Procedure, has juris-
> diction to hear and determine whether the second mortgage is
> a valid claim against the estate, but is without power to deter-
> mine whether fraud entered into the transaction of the exchange
> of the properties.

PROCEEDING upon the judicial settlement of the
account of an executor.

William Cravath White, for executor.

Henry Martyn Baird, Jr., for general guardian.

Henry H. Holmstrom, for administratrix of Rachel
Adele Glaser.

Stephen F. Thayer, special guardian.

SLATER, S.   This proceeding is one for the inter-
mediate judicial settlement of the account of the
executor of decedent. The matter in controversy
relates to the claim of the Westchester Trust Com-
pany, as general guardian of the property of Katherine
Gage Cox, an infant, for the amount of $2,500 with
interest upon a bond and mortgage made by the

decedent. There appears to be some contention regarding the proof of the claim. Letters testamentary issued July 13, 1917. Proof of this claim was served upon the executor July 16, 1917. The notice given to persons to present claims was published beginning September 24, 1917. The executor states in his account that notice of the disallowance of the claim was given to attorney for claimant, without naming the date when the notice of disallowance was given. On August 19, 1919, the attorney for executor notified the attorneys for the claimant that the executor disallowed the claim. This statement of fact is found in the memorandum presented by the attorney for the executor. In any event, the attorney for the claimant and the attorney for the executor are in court, one urging the claim and the other contending against it, and I shall proceed to pass upon the merits of the claim.

It appears that about ten years ago decedent exchanged properties with other parties not now before the court in this proceeding and gave a second mortgage upon her property for $2,500, which came into the hands of the claimant herein. The first mortgage was foreclosed and the property sold, there not being sufficient realized from the sale to pay any part of the second mortgage. The executor is in court contending that fraud entered into the transaction of the exchange of properties and the giving of this particular second mortgage. The question arises whether the court has power to take proof and pass upon the allegation of fraud.

In *Matter of Schnabel*, 202 N. Y. 134 (1911), before the Surrogate's Act of 1914, the court held that the Surrogate's Court was without jurisdiction to hear and determine the question as to the validity of a bill of sale and that until competently set aside in a proper action it was conclusive evidence as to personal interest

of the administratrix in the property. The appellant in that case contended that the surrogate had power to decide the question of fraud, inasmuch as there was a contest between the administratrix, who was the accounting party, and the petitioning creditor. The court held that the power to set aside the instrument by which the property was transferred by deceased to his wife could only be exercised by a court possessing general equitable jurisdiction. The court in that case also stated the question should be regarded as definitely settled by decisions of this court in cases where similarly it has been contended that the jurisdiction of the surrogate extended to the setting aside or annulment of instruments of release and of assignments affecting the distribution of estates and claimed to have been fraudulent. *Matter of Martin*, 211 N. Y. 328; *Matter of Finn*, 44 Misc. Rep. 622.

The Surrogate's Act of 1914 extended and enlarged the powers of the surrogate by the enactment of section 2510 of the Code of Civil Procedure. In exercising the equitable jurisdiction conferred by section 2510 it has been held the Surrogate's Court is confined to the cases and to the manner of exercising such jurisdiction as therein particularly specified, and the Court of Appeals has confined such grants of equitable powers to the instances particularly specified in subdivisions 1 to 8 of section 2510. *Matter of Holzworth*, 166 App. Div. 150; affd., 215 N. Y. 700; *Matter of Coombs*, 185 App. Div. 312; *Matter of Malcolmson*, 188 id. 600.

The decision in *Matter of Mondshain*, 186 App. Div. 528, by Mr. Justice Shearn, is not in conflict with *Matter of Holzworth* and the similar cases above cited. The court in the *Mondshain* case had the question squarely presented whether the Surrogate's Court had jurisdiction to set aside a general release under seal. The court said: " Such jurisdiction must be found

under section 2510 of the Code of Civil Procedure. * * * Setting aside a general release on the alleged ground of fraud is not within any of the cases specified in the eight subdivisions of section 2510 of the Code of Civil Procedure, and the surrogate was without jurisdiction to try the issue and make the order appealed from.''

The instant case in my opinion falls within the decision of the *Mondshain* case. In the present accounting proceeding the parties interested in the estate and the claimant are the only ones before the court. The people who had to do with the original exchange of property made some years ago with the decedent are not and cannot be brought into this court. The court is without power to hear and determine the issue of fraud, which properly belongs to a court of competent general jurisdiction.

Proof was taken upon the hearing, and I find that the claim for the amount of $2,500, and interest at five per cent from June 1, 1914, is a proper claim as presented by the claimant against the estate. Let decree be entered allowing the claim.

Decreed accordingly.