Schulz, S.
Mary E. T. Dunn and Anna B. Moore, the two surviving executrices of the last will and testament of John J. Brady, deceased, filed separate, intermediate accounts. Thereupon objections were interposed to each of such accounts by persons interested in the distribution of the estate and subsequently the proceedings were consolidated by an order of this court.
A motion is now made on behalf of Mary E. T. Dunn for an order “ to strike out or disregard the objections ” to her account numbered “Second” to “ Eleventh,” both inclusive, filed by three of the contestants, and a like motion is made on behalf of the petitioner in the other accounting proceeding for an order granting similar relief as to the objections “ Third ” to “ Fifteenth,” interposed to her account by the same persons.
Considering first the motion made on behalf of Mary E. T. Dunn, it appears that objections “ Second ” to “ Eleventh ” inclusive refer solely to expenditures and payments made by the executrices for counsel fees ánd disbursements. It is alleged in the moving affidavit that all of such payments were made prior to September 23, 1918, excepting only a small item of disbursements, and that the contestants by two written instruments, dated respectively June 1, 1917, and September 23, 1918, ratified and approved all of the items to which objection is now made.
The contention of the moving party is that the objections in question may not be interposed by the contestants nor considered by this court in the face of the alleged written ratifications referred to, and that it has no jurisdiction to inquire into the circumstances surrounding the execution and delivery of these documents. It is urged that until they are set aside or rendered of no avail by the Supreme Court *495 sitting as a court of equity, the Surrogate’s Court is absolutely bound to give them effect, and if upon their face they appear to be ratifications of the payments now objected to, the contestants are estopped from questioning such payments, and hence their objections should be dismissed.
Without considering the language of the instruments, their legal effect or their manner of execution, the first pertinent inquiry should be directed to the question whether the contention made is correct or whether this court has sufficient equitable jurisdiction to grant relief from them in the accounting proceeding, if the circumstances are such as to justify a court of equity in so doing. If it has such power, then I think it is clear that the motion cannot prevail.
That this court has some equitable jurisdiction is beyond controversy. Section 2510 of the Code of Civil Procedure provides that it has jurisdiction: “ To administer justice in all matters relating to the affairs of decedents, * * * to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding, * * * as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.
“And in the cases and in the manner prescribed by statute:”
It has been held, however, that the equitable powers thus broadly bestowed are limited by the subdivisions of such section which immediately follow the language quoted and which are eight in number. Matter of Holzworth, 166 App. Div. 150; affd., 215 N. Y. 700.
It seems quite clear to me that the intent of the framers of the section in question was that this court should have sufficient equitable jurisdiction in the matters pending before it, of which it had statutory juris *496 diction, to enable it to fully determine a controversy without suspending its consideration in case an equitable question arose, until an action might be brought in the Supreme Court and the equitable relief granted or refused. If the latter were the case, then the purpose of the language of the section to the effect that it had such equitable power “ as to any and all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires,” would be difficult to fathom.
'Is this, then, a case in which this court has jurisdiction to try and determine all questions, legal or equitable, arising between any or all of the parties? If it is, then we must find it specified in one of the subdivisions of section 2510, supra. Subdivision 3 of that section provides as follows:
“ To direct and control the conduct, and settle the accounts, of executors, administrators, and testamentary trustees; to remove testamentary trustees and to appoint a successor in place of a testamentary trustee.” Subdivision 4 of that section provides as follows :
“ To enforce the payment of debts and legacies; the distribution of the estates of decedents; and the payment or delivery, by executors, administrators, and testamentary trustees, of money or other property in their possession, belonging to the estate or fund.”
This is an accounting proceeding in which the surrogate will be obliged to settle the accounts, to enforce the payment of debts and legacies, the distribution of the proceeds and the payment by the executrices of money or property in their possession, belonging to the estate or fund. It appears, therefore, to be one of the cases in which the surrogate may try and determine all questions, legal or equitable. Unless he has *497 that power, he could not settle the account of this accounting executrix nor perform the other acts which he is authorized to perform under the subdivisions quoted.
The moving party urges that Matter of Mondshain, 186 App. Div. 528, is authority for her contention that the court has no such jurisdiction. The matter referred to was a discovery proceeding under section 2676 of the Code of Civil Procedure, and the petitioner alleged the transfer of moneys by the decedent to the respondent below and his refusal to disclose the same, the execution and delivery by the petitioner to the said respondent of a general release under seal, and that such release was induced by fraud. The respondent below denied the allegations of fraud.
The surrogate had a hearing upon the preliminary question respecting the general release and set the same aside, and the appellate court, quoting Matter of Holzworth, supra, held that setting aside a general release on the ground of fraud is not within any of the cases specified in the eight subdivisions of section 2510 of the Code of Civil Procedure, and that the surrogate was without jurisdiction to try the issue and to make the order appealed from.
In Matter of Holzworth, supra, also relied upon by the moving party, the court reversed the decree of the surrogate directing a distribution in specie, holding that the equitable powers conferred on the surrogate by the section in question were limited by its subdivisions, and hence that the court had no equitable power to direct distribution in kind unless the provisions of section 2736, setting forth when specific property may be delivered, had been complied with.
It does not appear to me that either of these cases are decisive of the matter here involved. The question now presented is much more like that in Matter *498 of Fox, 166 App. Div. 718, and that in Matter of Malcomson, 188 id. 600.
In the former case the application was to compel a trustee to account. The latter alleged that all parties interested had agreed to a disposition of the estate and had waived the filing of an account, and released the trustee from liability. The petitioner claimed that the waiver and release were obtained by fraud and false representations, and that she was not truly advised as to the condition of the estate or the amount thereof, etc. Without passing upon the question raised, the Surrogate’s Court made an order requiring the trustee to render and file an account. The court held that the issues thus raised were triable in the Surrogate’s Court, and that having the jurisdiction, it was the duty of the court in the first instance to try and determine the question of .petitioner’s interest in the estate, because if such issue were decided in favor of the trustee, the petitioner would not be entitled to maintain the proceeding, and that it would involve the executrix in unnecessary expense and would serve no useful purpose to require her to file an account of her proceedings if the petitioner was not entitled to maintain it.
In Matter of Malcomson, supra, a legatee petitioned that the executors be compelled to account. He showed that he had executed an assignment of all his interest in the estate, but claimed it was without consideration and obtained by misrepresentation. The executors denied the charges and alleged that as the petitioner had executed an assignment to them of his interest in the estate, he was not a person interested therein and could not require them to account. Subsequently the executors filed an account and asked for a settlement of the same, and the petitioner filed objections to it. The two proceedings were consolidated and the court reached the conclusion that as the assignment in ques *499 tion necessarily and vitally affected the disposition to be made of the executor’s accounts and the distribution to be made of the decedent’s estate, no decree or order could be made settling the account or directing a distribution until the validity of the assignment had been determined, and that the surrogate had power and jurisdiction to make the order appealed from. In that case Matter of Mondshain, supra, was urged upon the court, as it is now urged upon me, as an authority for a contrary view, and the Appellate Division said (p. 605), referring to it: “ The proceeding there was one for a discovery * * *. Such a proceeding is not one of the eight enumerated classes to which the general grant of jurisdiction conferred by section 2510 attaches, and, therefore, the power to set aside a release did not exist in such a case. But here, the proceeding is one enumerated in the section and, therefore, full jurisdiction attached to enable the surrogate to decide any issue required to be settled in order to make an effectual final decree.” See, also, Matter of Hoffman, 108 Misc. Rep. 612.
A similar question was before the surrogate of Kings county in November, 1911, in Matter of Dollard, 74 Misc. Rep. 312; affd., 149 App. Div. 926, and the surrogate there held that under section 2472-a of the Code (as it was prior to the revision of chapter 18), the court had jurisdiction to proceed where the validity of an assignment, release or waiver was in question to a comprehensive adjustment of every right affecting the assignment, release or waiver. As the present section 2510 has broadened and not restricted the equitable power of the surrogate (Matter of Malcomson, supra, 603) theretofore set forth in section 2472-a in effect when Matter of Dollard was decided, such power still exists. I am therefore of the opinion that in this matter the court has sufficient equitable jurisdiction to give relief if grounds therefor exist.
*500 The account and the objections constitute the pleadings. Matter of Bielby, 91 Misc. Rep. 353, 363, and cases cited. The alleged ratifications are not referred to therein. If and when they are offered in evidence, as they no doubt will be, their effect upon the contention of the contestants will then receive consideration and the question as to whether an estoppel was or was not created by their delivery be before the court for decision.
Counsel for the moving party urges that great delay might result if voluminous evidence were taken before the effect of the documents in question was determined ; but this may be avoided if the court or referee hearing the matter will consider and come to a conclusion as to the effect of the documents before proceeding with a lengthy examination as to the items objected to. I am satisfied that the objections referred to cannot be summarily disposed of on this motion any more than any other objection can be rendered of no effect by a motion made upon some other possible evidence affecting it.
The motion made as to the objections to the accounting of Mary E. T. Dunn must be denied.
With regard to the accounting of Anna B. Moore, objections numbered “ Third ” to “ Eighth,” both inclusive, involve the same questions considered above and result in the same conclusion. Objections “ Ninth ” to “ Thirteenth ” are to alleged expenditures made upon the real estate of the decedent. If it be a fact, as the moving party contends, that these disbursements were not made by the executrices as such, and that they are not properly the subject of objections in this proceeding, they should not have been included in the accounting. If so included and objected to, the objections should not be dismissed on motion, but the matter should await the hearing in order that the contentions of the petitioner and con *501 testants may be inquired into and the controversy decided upon the evidence. Objection “ Fourteenth ” alleges that the separate accounting of Anna R. Moore was needless, unnecessary, etc., and this also depends upon the evidence which may be produced at the hearing. I therefore reach the conclusion that this motion should also be denied.
Decreed accordingly.