In the Matter of the Claim of James O. Van Buren, Appellant, against The Estate of Delbert L. Decker, Deceased.

Blanche L. Decker, Administratrix, etc., of Delbert R. Decker, Deceased, Respondent.

Third Department, January 10, 1923.

Partnership — proceedings to have alleged partnership assets, held by administratrix, paid to petitioner as surviving partner — finding that no partnership existed was against weight of evidence — surrogate had power to determine claim.

In proceedings before a surrogate to compel an administratrix to pay over to the petitioner, as surviving partner, alleged partnership assets held by her, the finding that a partnership did not exist between the petitioner and the intestate was against the weight of the evidence.

The Surrogate's Court having jurisdiction both of the parties and of the fund had power to make a determination of the petitioner's claim to any partnership property, the title to which is involved in this proceeding.

Appeal by the petitioner, James O. Van Buren, from an order of the Surrogate's Court of the county of Otsego, entered in the office of the clerk of said Surrogate's Court on the 16th day of August, 1922, denying his application to have certain alleged partnership assets, held by the respondent, paid to him as surviving partner.

*Owen C. Becker*, for the appellant.

*Frank C. Huntington* [*Dennis J. Kilkenny* of counsel], for the respondent.

Hasbrouck, J.:

This is an appeal from an order of the Surrogate's Court of the county of Otsego made July 26, 1922.

The order determined a question of fact, *i. e.*, whether or not the petitioner and Delbert R. Decker, deceased, were copartners in the cattle business.

The determination by the court was that no partnership existed.

The only witnesses produced were those sworn by the petitioner. It appears that on July 1, 1921, the petitioner gave a check to the intestate for $500, which was paid; on July ninth a check for $500, which was paid; on July twelfth a check for $200, which was paid; and that in the month of July the petitioner borrowed $200 of Delmer Husted and handed the money to the intestate.

It further appears that the deceased and the petitioner visited down around Otego and examined some cattle at two places and that the petitioner made notations regarding them; that Mrs. Decker, the administratrix, noticed her husband and the petitioner looking over accounts and heard them talking about cattle. Added to this undisputed testimony is not only the testimony of Mrs. Van Buren, the petitioner's wife, and Charles Dailey, the partner of the petitioner, that Decker had admitted he and Van Buren were partners, but that of Delmer Husted, who seems to be a disinterested witness, who swears that Decker had described himself as a partner of Van Buren in the "cow business."

The only evidence at war with the foregoing is that of Mrs. Decker that her husband had been in the cow business for nineteen years and that she never heard the word "partners" mentioned by her husband. If there were an agreement for a joint enterprise between Decker and Van Buren it commenced on or about July 1, 1921, and had ended by the death of Decker October second of the same year.

There is no record of any repayment by Decker of any moneys he received from Van Buren on or after July 1, 1921, nor is there any evidence that at any time prior to Decker's death Van Buren was in debt to Decker.

The presumption that the checks were given in payment of a debt is destroyed by the attempt of Van Buren to prove that they were issued in the joint enterprise of the "cow business." (*Bruyn v. Russell,* 60 Hun, 283; *Matter of Mount Vernon Trust Co.,* 175 App. Div. 353.)

We think the evidence preponderates largely in favor of the petitioner as to his business relationship with the deceased.

While such a determination may operate disastrously as to the general creditors of Decker, it will not operate in that manner against any creditors whose claims are based upon the sale of cows to Decker. They will be at liberty to collect such claims out of such partnership.

The part thereof which the estate may lay claim to will be at least half of the alleged profits. They will be available to general creditors.

The law as it stood prior to October 1, 1921, failed to confer on the Surrogate's Court equitable jurisdiction except upon the particular subjects specified in section 2510 of the Code of Civil Procedure (as amd. by Laws of 1914, chap. 443). (*Matter of Mondshain,* 186 App. Div. 528; *Matter of Malcomson,* 188 id. 600; *Matter of Watson,* 215 N. Y. 209; *Matter of Hasbrouck,* 208 id. 586.)

*Matter of Mondshain* was decided on February 21, 1919, and at that time the equitable power of the court was limited as above. By section 40 of the Surrogate's Court Act, as amended by chapter 439 of the Laws of 1921, the limitation or restraint as above described was removed. The parties in the case at bar before the court are the creditors of Decker and the petitioner. The fund whether it belonged to Decker or to the partnership of Decker & Van Buren is also in court.

The court having jurisdiction both of the parties and of the fund has power to make a determination of the petitioner's claim to any partnership property whose title is involved in the proceeding in the Surrogate's Court.

The order should be reversed, with costs.

H. T. KELLOGG, Acting P. J., KILEY, VAN KIRK and HINMAN, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and matter remitted to the surrogate for further hearing.