In the Matter of the Estate of LEWIS CASS LEDYARD, JR., Deceased.

Supreme Court, Special Term, New York County, January 24, 1939.

*Richard A. Knight*, for Dorothy Ledyard Knight, petitioner.

*Carter, Ledyard & Milburn* [*Arthur A. Ballantine, John M. Harlan* and *James E. Nickerson* of counsel], for the United States Trust Company of New York, as executor and trustee, respondent.

NOONAN, J. The jurisdiction of this court is based upon its general power as a court of equity. (*Matter of Runk*, 200 N. Y. 447, 460.) The question presented is whether this court should

assume jurisdiction over this proceeding in view of the pendency of a similar proceeding in the Surrogate's Court of Nassau county. The solution of such question depends upon the construction to be given to the statutory power for the removal of a testamentary trustee vested in the Surrogate's Court.

The petition in the proceeding before this court charges various acts of dereliction on the part of the respondent, but the specific charge upon which petitioner relies is the conflict of interest between the trustee and the *cestuis*. As to this charge it is asserted that the Surrogate's Court has no power to remove the trustee in the event that it is proven upon the trial.

This court is not concerned with the other charges set forth in the petition. Despite their alleged gravity, they furnish no basis for the assumption of jurisdiction by this court, since the Surrogate's Court is without doubt qualified to hear and dispose of them.

The alleged conflict of interest upon which the present proceeding is based arose out of litigation affecting another bank in which the decedent was a director. This litigation was settled subsequent to the death of the testator and the respondent as trustee contributed to the settlement from the assets of the estate. It is charged that the respondent trustee occupied a dual position in the settlement of this litigation in which the interests of some of its directors conflicted with the interests of the estate. It is not necessary to detail these charges in which the respondent is accused of a conflicting interest except to say that the petition alleges that the contribution made by the respondent bank as trustee constituted a fraudulent waste of the assets of the estate.

It is claimed by the respondent that there can be no present conflict of interest since the litigation in which the settlement was made has come to an end and with its termination the alleged conflicting interest has ceased and there is at present no conflict. Assuming this to be so, the question remains whether the trustee has shown itself fit to occupy its fiduciary position for failure to observe " the punctilio of an honor the most sensitive." (*Meinhard* v. *Salmon,* 249 N. Y. 458, 464.)

If the Surrogate's Court has the power to remove a trustee charged with this lack of discriminatory sense of the lofty duties of its position, then there is no necessity for a removal of the proceeding to the Supreme Court and the assumption of jurisdiction by this court would not be justified. (*Lawrence* v. *Littlefield,* 215 N. Y. 561, 583; *Bankers Surety Co.* v. *Meyer,* 205 id. 219, 224; *Matter of Runk,* 200 id. 447, 460; *Pyle* v. *Pyle,* 137 App. Div. 568, 571; affd., 199 N. Y. 538; *Moore* v. *De Groote,* 158 App. Div. 828, 829; *Rochester Trust & Safe Deposit Co.* v. *Brown,* 116 Misc. 184, 191; *Matter of Appell,* 123 id. 12, 13; *Matter of Ehlers,* 133 id. 424, 427.)

It is the contention of the petitioner that the Supreme Court alone, under the circumstances, has the power to remove respondent bank as trustee. In so contending she relies upon *Pyle* v. *Pyle* (*supra*), decided in 1910, in which it was held, under the existing statute, that where a conflict of interest exists between the trustee and the *cestuis*, the Surrogate's Court has no power to remove him.

It is my opinion, however, that since the time that case was decided much progress has been made by legislative fiat in the jurisdiction vested in the Surrogate's Court. The decision of *Pyle* v. *Pyle* (*supra*) was based upon section 2817 of the Code of Civil Procedure, subsequently section 2569, which was re-enacted as section 99 of the Surrogate's Court Act.

In 1914 the Legislature repealed section 2472-a of the Code of Civil Procedure and revised section 2472, changing its number to 2510. The Laws of 1920, chapter 928, re-enacted section 2510 of the Code of Civil Procedure as section 40 of the Surrogate's Court Act. By chapter 439 of the Laws of 1921 section 40 of the Surrogate's Court Act was amended so as to read so far as material:

" Each surrogate must hold, within his county, a court, which has, in addition to the powers conferred upon it, or upon the surrogate, by special provision of law, jurisdiction as follows:

" To administer justice in all matters relating to the affairs of decedents, and upon the return of any process to try and determine all questions, legal *or equitable*, arising between any or all of the parties to any proceeding * * * as to any and all matters necessary to be determined *in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires.*

" *In addition to and without limitation or restriction on the foregoing powers, each surrogate or surrogate's court shall have power,* in the cases and in the manner prescribed by statute: * * *

" 2. To * * * revoke letters testamentary * * *.

" 3. To direct and control the conduct * * * of executors * * * and testamentary trustees; to remove testamentary trustees." (Italics the writer's.)

The italicized portions of the paragraph commencing with " To administer justice," etc., were added by the amendment enacted in 1914 by chapter 443 of the Laws of that year. The italicized paragraph commencing with " In addition to," etc., was added by the amendment of 1921.

Subsequent to the amendment of 1914 the courts decided that there was no general equity power vested in the Surrogate's Court and that whatever equitable power it possessed could only be exercised incidental to issues tried before it over which it had juris-

diction. (*Matter of Holzworth*, 166 App. Div. 150; *Matter of Mondshain*, 186 id. 528; *Matter of Kenny*, 92 Misc. 330.)

The amendment of 1921 was, however, much broader. The use of the words " In addition to and without limitation or restriction on the foregoing powers," clearly indicates, it seems to me, a legislative intention to confer equity jurisdiction in all matters pertaining to " the affairs of decedents." The power to remove a testamentary trustee which the Surrogate's Court possesses relates " to the affairs of decedents." Nor is authority lacking to sustain this view. (*Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Van Buren* v. *Estate of Decker*, 204 App. Div. 138; *Matter of Kirkman*, 143 Misc. 342; *Matter of Pulitzer*, 139 id. 575, 583; affd., 237 App. Div. 808; *Matter of Morris*, 134 Misc. 374; *Matter of Enright*, 149 id. 353.)

Referring to the amendment of 1921, CARDOZO, J., said, in *Raymond* v. *Davis* (*supra*): " Early decisions were made upon the basis of a different grant of power * * *. An amendment in 1921 emphasizes the call for a liberal construction. Till then, the general grant of jurisdiction had at times been read as limited by specific grants of jurisdiction as to enumerated subjects (*Matter of Mondshain*, 186 App. Div. 528; *Matter of Holzworth*, 166 App. Div. 150; 215 N. Y. 700). The amendment gives notice that the powers that are specific shall hereafter be read as being ' in addition to and without limitation or restriction on ' the powers that are general."

It will be observed that the court referred to the cases of *Matter of Holzworth* (*supra*) and *Matter of Mondshain* (*supra*) as precedents of defunct authority. As pointed out by CARDOZO, J., the legislative desideratum was the investiture of jurisdiction complete and full, both in law and in equity, in all matters over which the surrogate had general jurisdiction.

The cases decided since the amendment of 1921 which hold a contrary view, that the surrogate's jurisdiction is still confined to the ambit announced in *Pyle* v. *Pyle* (*supra*) will disclose upon analysis an indefinite consideration of the effect of the amendment. Such cases are *Matter of Shenk* (125 Misc. 386); *Crummey* v. *Murray* (130 id. 378); *Burrows* v. *Scherer* (134 id. 146; affd., 228 App. Div. 673); *Parrott* v. *Burke* (N. Y. L. J. Nov. 29, 1927, p. 1888).

The proceeding in the Surrogate's Court, Nassau county, where similar relief is sought, involves the removal of the respondent as executor as well as trustee. The Supreme Court has no power to remove an executor, as this power is confided to the Surrogate's Court exclusively. (*Matter of Hood*, 98 N. Y. 363; *Greenland* v. *Waddell*, 116 id. 234; *Widmayer* v. *Widmayer*, 76 Hun, 251; 1 Jessup-

Redfield, Law and Practice in the Surrogates' Courts, § 621, p. 1296.) In any event, therefore, the present application so far as it seeks the removal of the respondent as executor would have to be denied.

For the reasons expressed, this court also should not exercise its jurisdiction to remove the respondent as trustee, since the Surrogate's Court has full power to proceed in that respect in the proceeding before it.

It is a source of satisfaction, if these views are sound, that a single trial in the Surrogate's Court will lessen expense and delay.

The application is denied. Settle order.