**BOWLES, Price Adm'r, v. RUGG.**
**Civil Action No. 913.**

District Court, S. D. Ohio, E. D.
Aug. 18, 1944.

Willard D. Campbell, Dist. Enforcement Atty., O. P. A., and Francis B. Douglass, O. P. A., both of Columbus, Ohio, for plaintiff.

Rodney B. Baldwin, James I. Boulger, Herman R. Tingley, and John D. Connor, all of Columbus, Ohio, for defendant.

UNDERWOOD, District Judge.

This cause, by agreement of the parties, came on for determination by the Court on the pleadings, the stipulations of facts, and the briefs of counsel.

The facts involved may be briefly stated as follows: The defendant, Donna M. Rugg, as administratrix of the estate of Robert D. Rugg, deceased, did, prior to March 2, 1944, advertise for sale, certain personal property belonging to said estate and consisting of a 1940 General tractor, an Avery corn planter, tractor cultivator and a 2 bottom 12" John Deere tractor plow. Pursuant to such advertising, and in conformity with the statutes of the State of Ohio, the property in question was offered for sale at public auction. The auctioneer was authorized by the administratrix to accept bids for the property at the ceiling prices provided for in Maximum Price Regulation No. 133, as amended, of the Office of Price Administration. Several bids were received at the full ceiling price and the successful bidder was determined by lot.

Thereafter, due report of said sale was made by the administratrix to the Probate Court of Franklin County, Ohio, and that Court refused to confirm the sale for the reason that the property had not been sold to the "highest" bidder (as required by the laws of Ohio). The administratrix was ordered to readvertise the property and to sell it at public auction for cash, for the best price obtainable, "notwithstanding the fact that the best price obtainable may be greater than the ceiling price as fixed by the Office of Price Administration of the United States of America."

On March 23, 1944, and without attempting to resell the property, the administratrix, as such, and in her individual capacity, filed suit in the Probate Court of Franklin County, making the Office of Price Administration of the United States of America, defendant, and praying for a declaratory judgment and order finding, "that the sale ordered by this Court does not come within the purview of the Price Control Act, that the ceiling prices do not apply to court sales and further to instruct her to proceed with the sale of said tractor and farm equipment at public sale for the best price obtainable." It being further alleged that the equipment would bring $1,500 if sold at public auction to the highest bidder, which amount is greater than the

118

maximum price provided for in said regulation.

The Office of Price Administration, without waiting for a determination of the question pending before the Probate Court of Franklin County, filed its "Complaint for Injunction" herein, praying for:

"1. A preliminary and final injunction enjoining the defendant, her agents, servants, employees, attorneys and all persons in active concert or participation with the defendant from:

"a. Directly or indirectly, delivering or negotiating the sale of said farm equipment at a price higher than the Maximum Price Regulation No. 133 as amended.

"b. Directly or indirectly agreeing, offering, soliciting, or attempting to sell, deliver or negotiate the sale of such farm equipment at a price higher than the maximum price fixed by Maximum Price Regulation No. 133 as amended.

"c. Maintaining, prosecuting or continuing the action which she has instituted in the Probate Court of Franklin County, Ohio, under the style "Donna M. Rugg as administratrix of the Estate of Robert D. Rugg and as an individual against the Office of Price Administration of the United States of America," insofar as she attempts thereby to secure an Order in said Probate Court directing and ordering her as such administratrix to sell such farm equipment at a price which would be in violation of Maximum Price Regulation No. 133 as amended.

"d. Permitting or continuing any acts, practices or omissions in violation of any Regulation, schedule requirement or order relating to such farm equipment which has now or may hereafter be issued by the Price Administrator pursuant to the Act." and for other equitable relief.

■ It is the view of this Court that although the precise questions here presented for determination may be new and without much specific legal precedent, the principles involved are neither new nor without precedent. Plaintiff's complaint is based upon Section 205 (a) of the Price Control Act of 1942, Public Law No. 421, 50 U.S. C.A.Appendix, § 925(a), which provides:

"Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provisions of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

Apparently, the clear intent and purpose of the statute is to provide a summary means by which violations of the Act can be stopped or prevented upon proper showing; the showing required for the issuance of the injunction being that "such person has engaged or is about to engage in such acts or practices." It follows that an injunction should issue when it has been shown that a person has engaged, or is about to engage in the sale of equipment for prices beyond the established ceiling. With these fundamental propositions in mind, let us consider the showing in the present case.

■ The defendant administratrix, Mrs. Rugg, did hold an auction sale at which the farm machinery in question was offered for sale and from among several bidders at the ceiling price, one was selected by lot as the successful bidder. This sale was reported to the Probate Court of Franklin County and approval was denied on the ground that the sale was not to the highest bidder as required by the statutes of the State of Ohio. Throughout this part of the proceeding, there is nothing to indicate that Mrs. Rugg was attempting to do anything other than to obey what she appeared to consider as the exact letter and spirit of the Price Control Act. Thereafter, the Probate Court instructed the administratrix to readvertise and resell for the best price obtainable without regard to the price ceilings. This was an order of the Probate Court, which Mrs. Rugg, had she desired to proceed contrary to possible application of the Price Control Act, would certainly have obeyed with alacrity. Instead of immediately obeying the order of her court, the defendant took steps to determine whether or not the provisions of the Price Control Act applied to the proposed sale, by asking the Probate Court for a declaratory judgment and naming the Office of Price Administration party defendant. These facts do not indicate a desire or intention on the part of the defendant to break or evade any law having application to her acts as administratrix.

So far, she has refused to sell above the ceiling prices which plaintiff contends apply to the sale; instead, she has sought from the court having full and complete jurisdiction of the property and of the administratrix, a judicial determination of the question of whether or not the price ceilings do in fact apply to the proposed sale. It is true that she asks the court to interpret the law in the way most advantageous to her, as is customary, but that, in the opinion of this Court evinces no disposition to evade the law which she seeks to have interpreted.

Tersely stated, Mrs. Rugg has asked a court of competent jurisdiction to interpret a law for her. Such an act can give no ground for injunctive relief for there is no showing meeting the requirements of the specific statute in question.

Possibly it is unnecessary to consider the case further, but this Court cannot refrain from pointing out that the ultimate result of granting the injunction herein sought, would be for this Court to substitute its judgment in an injunctive proceeding, for that of the Probate Court of Franklin County in an action for a declaratory judgment. No authority has been cited which would indicate that a United States District Court should seek to prevent by its injunctive powers, a probate court, from instructing its own officers as to the application of a federal law to a matter before that court. The provisions of the Constitution of the United States and the laws of the United States are just as binding upon the state courts as upon federal courts. The principle is clearly stated by the Supreme Court of the United States in Claflin v. Houseman, Assignee, 93 U.S. 130, 137, 23 L.Ed. 833:

"* * * The fact that a State court derives its existence and functions from the State laws is no reason why it should not afford relief; because it is subject also to the laws of the United States, and it is just as much bound to recognize these as operative within the State as it is to recognize the State laws. The two together form one system of jurisprudence, which constitutes the law of the land for the State; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent."

It follows, therefore, that the Probate Court of Franklin County is bound by exactly the same law as that which binds this Court. If that Court should err in its application of federal law, to the facts of the case before it, ample provision has been made to review its decision and correct the error in much the same manner as a similar error committed by this Court would be corrected.

Admittedly, the injunction herein prayed for is sought against Mrs. Rugg, but the ultimate effect of the issuance of such an injunction, is to withdraw from the State Court, the right to pass upon a question of law properly raised in a proceeding before it, simply because the statute involved is a federal statute. It is true that the law involved is an emergency statute differing in some particulars from other statutes, but it is not in a field such as bankruptcy, wherein the federal courts have paramount and exclusive jurisdiction. The Emergency Price Control Act of 1942 specifically provides, Sec. 205 of the Act, Sec. 925(c), Title 50 U.S.C.A.Appendix: "The district courts shall have jurisdiction of criminal proceedings for violations of section 4 of this Act [Sec. 904, Title 50 U.S.C.A.Appendix] and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act [Sec. 925, Title 50 U.S.C.A.Appendix]." The injunctive proceedings in this Court is based upon Sec. 925(a) of Title 50 U.S.C.A. Appendix.

Questions of law are not to be haphazardly withdrawn from state courts by federal courts, even where the most sacred of the constitutional freedoms are concerned. In the case of Douglas v. Jeannette, 319 U.S. 157, 63 S.Ct. 877, 882, 87 L. Ed. 1324, the fourth and fifth syllabi read as follows:

"4. Though a federal court have power as such to decide the cause, it should raise sua sponte the question of want of equity jurisdiction where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court.

"5. It is the policy of Congress generally to leave to the state courts the trial of criminal cases arising under state laws, subject to review by this Court of any federal questions involved, and the federal courts should conform to this policy by refusing to interfere with or embarrass threatened proceedings in state courts save in those exceptional cases which call for the interposition of a court of equity to pre-

vent irreparable injury which is clear and imminent; and equitable remedies infringing this independence of the States—though they might otherwise be given—should be withheld if sought on slight or inconsequential grounds."

Although the Douglas case is a criminal case, it has been equally well established that probate matters have been as fully and completely left within the jurisdiction of the state courts as criminal matters involving state offenses, and there appears to be no logical reason to find anything more sacred involved in the instant case than the basic constitutional right involved in the Douglas case. It follows that the federal question here involved should likewise be left to the state court for determination, subject to later review if required by the circumstances. Plaintiff's complaint herein will be denied and dismissed.

The Court will adopt as its findings of fact, the stipulations of fact filed by the parties herein. The conclusions of law of the Court are attached hereto and made a part hereof.