In the Matter of the Estate of GEORGE G. BEALL, Deceased.

Surrogate's Court, Orange County, April 28, 1945.

*Emanuel Luria,* as executor, petitioner in person.

*Vitale H. Paganelli* for chattel mortgagee.

*Arthur L. Gould* for decedent's widow.

TAYLOR, S. This decedent's will was probated in this court on the 31st day of October, 1944, and letters testamentary thereupon issued. The decedent died the 21st day of April preceding. Among the estate assets was a 1942 Pontiac Automobile of the coupé type. The record shows that the decedent on or about April 1, 1944, made and executed to one George Wittpen a chattel mortgage pledging this automobile as security for the payment of decedent's note in the sum of $1,300, bearing the same date. The chattel mortgage has been filed in the proper town clerk's office. The chattel mortgagee has presented a claim to the estate upon this note and that claim has been rejected.

The executor now moves under section 215 of the Surrogate's Court Act for directions with respect to the sale of this automobile, alleging in his papers that the chattel mortgagee declines to enter into a stipulation with him for the sale of the chattel and the earmarking of the proceeds of the sale until the validity of the claim can be determined. Because of this apparent lien upon the automobile the executor is reluctant, if not unable, to sell it. It is claimed, and it is undoubtedly true, that this automobile is deteriorating because of nonuse and there is a possibility that should the manufacture of automobiles be shortly authorized this particular automobile will very substantially depreciate in value. The Surrogate takes judicial notice of the present wartime conditions, the nonmanufacture of automobiles for civilian use and the comparatively high prices paid for used automobiles. (See *Matter of Balfe,* 152 Misc. 739, affd. 245 App. Div. 22.)

The executor is in a dilemma. Two classes of creditors have claims upon this automobile, the general creditors of the estate on the one hand, and the chattel mortgagee. The fiduciary owes a duty to each. There is the possibility that if the automobile is not sold the executor might be criticized on his accounting for not selling it and realizing sufficient to pay the mortgagee, especially if the estate be insolvent as the petition upon this application alleges, and the general creditors might at least claim that something should have been saved for them over and above the chattel mortgage by a prompt sale of this automobile.

The chattel mortgagee submits the affidavit of his attorney challenging the jurisdiction of the court to order a sale of this automobile under the facts here presented. The decedent's widow, through her attorney, joins in the petition for directions and instructions to sell.

No case has been cited by counsel, nor has the Surrogate's efforts disclosed any case, approximating the factual situation here presented.

There can be no dispute that within the confines of its jurisdiction the Surrogate's Court has broad equity powers. Just a few references to adjudged cases will conclusively bear out this statement and point the way to the decision which should be reached here. There are those cases in which Surrogate's Courts have directed the liquidation of partnerships in which the decedents were partners and passed upon questions involving partnership affairs (*Matter of Belden,* 143 Misc. 159; *Matter of Eddy,* 175 Misc. 193; *Matter of Raymond* v. *Davis,* 248 N. Y. 67; *Matter of Van Buren* v. *Estate of Decker,* 204 App. Div. 138); those cases in which Surrogates have passed upon title to real property where that question was involved as an incident to the determination of an essentially estate question (*Matter of O'Flyn,* 174 Misc. 1025; *Matter of Engel,* 140 Misc. 276; *Matter of Poth,* 155 Misc. 116, affd. 246 App. Div. 522); those cases in which Surrogate's Courts have declared constructive trusts, such as *Matter of Accles* (153 Misc. 421, affd. 245 App. Div. 743), *Matter of McArdle* (140 Misc. 257), and the following cases involving other questions to which reference only will be made (*Matter of Seaman,* 205 App. Div. 681; *Matter of Archer,* 77 Misc. 288; *Matter of Sherower,* 171 Misc. 295; *Matter of Haber,* 151 Misc. 82; *Matter of Ledyard,* 170 Misc. 365; *Matter of Proctor,* 157 Misc. 706; *Matter of Pulitzer,* 139 Misc. 575, affd. 237 App. Div. 808). In the last-cited case Surrogate FOLEY stated that (p. 583) " The widest equity powers exist in the Surrogate's Court of this State by the grant of legislative authority contained in section 40 of the Surrogate's Court Act."

By statute (Surrogate's Ct. Act, § 40) each Surrogate is given jurisdiction " To administer justice in all matters relating to the affairs of decedents " and " to try and determine all questions, legal or equitable, arising between any or all of the parties to any proceeding " as to " all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter by such order or decree as justice requires." More comprehensive language could not have been

found and as one cannot foresee the myriad of circumstances which might arise in the future, it is quite necessary that "Equity will administer such relief as the exigencies of the case demand" (*Bloomquist v. Farson,* 222 N. Y. 375, 380).

Running through innumerable cases are statements to the effect that the Surrogate has jurisdiction under section 40 of the Surrogate's Court Act to determine all questions, legal or equitable, between the estate and any person having any connection with it, where the Surrogate has jurisdiction of the subject matter. (*Matter of Stevens,* 261 App. Div. 48; *Matter of Barrett,* 168 Misc. 937; *Matter of Lakner,* 143 Misc. 117; *Matter of Witkind,* 167 Misc. 885; *Matter of Archer,* 77 Misc. 288, *supra; Matter of Sullivan,* 255 App. Div. 1008.)

This court has jurisdiction to pass upon the validity of the chattel mortgagee's claim, and the sale of the pledged property is but incident thereto.

"Concentration of jurisdiction as to decedents' estates has been the purpose and result of successive legislation and judicial decisions" (*Matter of Haigh,* 125 Misc. 365, 368) and courts should not endeavor to find ways to discover or to fashion reasons for thwarting that manifest policy. (*Matter of Coombs,* 185 App. Div. 312, 314.)

If possible a way should be found to protect the interests of general creditors and at the same time to protect this chattel mortgagee until the validity of his claim can be determined. This can be done by the Surrogate's direction that the automobile be sold by and under the direction of a referee, to be named in the order, at public auction, with an upset price equal to the amount alleged to be due upon the chattel mortgage and note in question, which is $1,300, with interest from April 1, 1944, to July 1, 1945, so that before the latter date the executor may account and in the accounting this rejected claim passed upon. As a further protection to the chattel mortgagee the order should direct that this sum and interest be deposited in a bank to be designated in the order in the name of the executor with the limitation that it is to be withdrawn only on the order of this court. The order should also provide that the referee should expend in advertising not to exceed a stated sum, also to be fixed in the order.

In order that the purchaser may be protected, if a sale be made, upon the coming in of the referee's report, an order may be presented directing the town clerk, in whose office the chattel mortgage is filed, to mark the same as having been discharged, pursuant to such order.

A further question remains for determination. It does not appear in the papers but was stated orally upon the argument that the amount of the chattel mortgagee's promissory note and interest is in excess of the Office of Price Administration ceiling prices.

It is the duty of every fiduciary in selling estate property to obtain the best possible price. It is unnecessary to discuss whether or not regulations of an administrative board may circumscribe the actions of courts in the discharge of their duty, (See *Bowles* v. *Rugg*, 57 F. Supp. 116; *Speicher* v. *Sowell*, 309 Mich. 54) for by Revised Supplementary Order No. 10, effective August 19, 1944 (9 Fed. Reg. 9897), being Document No. 36157, it is provided that "Except as provided in sections 2 and 3 hereof, no provisions of any price schedule, maximum price regulation or other order issued by any office of the Office of Price Administration shall be deemed to apply to any sale, at auction or otherwise, * * * (c) held by a duly qualified executor or administrator, guardian or other legal representative in liquidating the assets of a decedent * * * pursuant to applicable State law." Neither of the exceptions applies to passenger automobiles. The order for the sale of the automobile here involved may provide that the referee shall not be bound by any Office of Price Administration ceiling prices.

Order may be settled upon three days' notice or by consent.