LIBMAN-SPANJER CORPORATION and WALTER LAWRENCE, SR., Doing Business under the Firm Name and Style of THE ATLAS ELECTRIC CONSTRUCTION COMPANY, Plaintiffs, *v.* ROYAL HALL, INC., and Others, Defendants.

Supreme Court, New York County, July 1, 1932.

*Max Grossberg,* for the plaintiff Libman-Spanjer Corporation.

*Herbert M. Soderstrom,* for the plaintiff Walter Lawrence, Sr.

*Abraham H. Sarasohn,* of counsel for both plaintiffs.

*M. Mortimer Lancet,* for the defendant Sarah Perlmutter.

UNTERMYER, J. This is a motion to strike out the counterclaim contained in the second amended answer of the defendant Perlmutter. On a previous motion it was held that the plaintiffs did not acquire a specific lien upon the funds in suit by the commencement of this action, although the motion to strike out the counterclaim was granted because of purely formal defects of pleading (*Libman-Spanjer Corporation* v. *Royal Hall, Inc.,* 146 Misc. 348). The plaintiffs now question the correctness of the conclusion expressed in the opinion on the previous motion. They contend that a lien has been created in their favor, arising from the very nature of the property sought to be reached, which permits them to recover judgment to the exclusion of the defendant Perlmutter, who now asserts a right to participate in the funds which may be uncovered by the suit. Upon further consideration of the questions presented I adhere to my original conclusion that the plaintiffs are not entitled to a judicial preference.

Prior to the enactment of article 10 of the Debtor and Creditor Law, a creditor could not obtain equitable relief against a fraudulent conveyance until his claim had been reduced to judgment. Even then, if the subject of the suit was tangible property, the mere commencement of an equitable action, without the appointment of a receiver, was ineffectual to prevent the seizure and sale of such property under an execution issued in favor of a subsequent judgment creditor. (*Brown* v. *Nichols*, 42 N. Y. 26, 34; *Van Alstyne* v. *Cook*, 25 id. 489; *Lansing* v. *Easton*, 7 Paige, 364; *Storm* v. *Waddell*, 2 Sandf. Ch. 494.) A judgment creditor could obtain a specific lien upon such property in equity only if his action was brought in aid of an execution. (*First Nat. Bank* v. *Shuler*, 153 N. Y. 163, 172.)

Where the property fraudulently transferred was from its nature not accessible to a levy under execution, it was none the less necessary for the creditor to pursue his legal remedies before resorting to equity for relief. If the subject of the suit " was a chose in action or other equitable asset, equity would not act except upon a showing that execution had been returned unsatisfied." (*American Surety Co.* v. *Conner*, 251 N. Y. 1, 5.) Under such circumstances, the institution of the suit entitled the judgment creditor to priority, because the nature of the property was such that it could not be reached by a subsequent levy in favor of other creditors. (*First National Bank* v. *Shuler*, *supra.*) By affording the creditor a specific lien, the court of equity then gave him nothing more than he had acquired by his diligence at law. (*Day* v. *Washburn*, 65 U. S. 352; *Edmeston* v. *Lyde*, 1 Paige, 637, 640.) As was said by Chancellor KENT: " Though it be the favorite policy of this Court to distribute assets equally among creditors, *pari passu*, yet, whenever a judicial preference has been established, by the superior legal diligence of any creditor, that preference is always preserved in the distribution of assets by this Court." (*M'Dermutt* v. *Strong*, 4 Johns. Ch. 687, 691.)

By statute (Debtor and Creditor Law, § 278) the plaintiffs may now maintain this suit in equity to have the alleged fraudulent conveyance set aside, without first obtaining a judgment or a lien. The creditor who acts under this statute may secure relief " to the extent necessary to satisfy his claim," but the statute does not purport to confer any preferential rights upon him by the mere commencement of the suit. The plaintiffs have asserted no facts which would tend to establish their right to preferential treatment in a court of equity. They must be deemed, therefore, to have submitted themselves to the equitable maxim that " equality among all creditors is equity."

The motion to strike out the counterclaim is accordingly denied.