In the Matter of the Estate of IGNATZ HABER, Deceased.

Surrogate's Court, New York County, February 16, 1934.

*Sidney Koenig*, for the petitioner, administrator.

*Meyer Kirschenbaum*, for the respondent.

DELEHANTY, S.   Challenge is made of the jurisdiction of this court to continue and conclude an inquiry respecting the proceeds of a business once conducted by deceased but claimed by respondent — his widow — to have been purchased from him by her before his death.   Concededly she sold the business after the death and if the court has jurisdiction it may determine whether these proceeds belong to respondent or to the estate.   Respondent has put in evidence an instrument purporting to be a bill of sale of the property executed by deceased in his lifetime and now asserts that no further inquiry may be made since the act of deceased in his lifetime concludes his estate in respect of the ownership of the business.

Petitioning administrator is a creditor of deceased.   He obtained letters because of that status.   His creditor status arose after the date of the instrument claimed by respondent to have effected transfer of the business.   Petitioner asserts that deceased was insolvent when the instrument in question is dated.   Some offer was made to establish this fact but the evidence is inadequate.

There is no doubt that under the Debtor and Creditor Law a creditor need not pursue through the forum of an estate administration his remedies against property transferred in fraud of creditors.   Under that law, a creditor may disregard the transfer and may attach or levy execution upon the property.   In pursuing his remedy in this wise the creditor may not obtain priority of treatment.   By coming into equity he subjects himself to the doctrine that " equality among all creditors is equity."   The benefits of the action accrue to all creditors.   (*Libman-Spanjer Corporation* v. *Royal Hall, Inc.*, 146 Misc. 351.)

Under section 19 of the Personal Property Law an estate representative may disaffirm the fraudulent acts and transfers of a deceased.   (*McQuaide* v. *Perot*, 223 N. Y. 75, at p. 82.)   The surrogate has power to direct an estate representative to maintain an action such as this.   This estate representative has initiated this proceeding and is seeking in this court the recovery of the property alleged to be that of the estate.   He thereby conforms to the requirement that he do equity (assuming that his creditor status caused him to initiate the proceeding) and he is performing properly his duty as an estate representative who believes that the property claimed is that of the estate.

Respondent asserts that individual action under the Debtor and Creditor Law is the sole remedy of creditors of deceased and that as between them and her the issue now here for decision is one of which this court lacks jurisdiction.   The court is of the contrary view.   The Surrogate's Court Act, section 40, gives the court power to administer justice in all matters relating to the affairs

of decedents; and power upon the return of process to try and determine all questions legal or equitable arising between or among the parties to any proceeding; and power to make a full, equitable and complete disposition of the matter before it as justice requires. Accordingly the court holds that it has in these circumstances full jurisdiction and authority to try the issue and to determine the ownership of the business and hence of the funds derived therefrom. The only persons interested in that issue are the creditors of deceased and his widow, the respondent. The court, therefore, has before it all parties necessary to a complete determination of the matter, since the administrator represents the creditors.

It is no longer necessary to establish the existence of the indebtedness as of the date of the conveyance. (Debtor and Creditor Law, §§ 273–276, inclusive.) There is ample proof before the court to warrant a finding here that the transfer, if any, under the purported bill of sale falls within the terms of the sections just cited.

This creditor representative of the estate asserts in his own behalf and in behalf of the estate generally (a) that the purported transfer of the business of deceased to respondent was not a real transfer and created no proprietary interest in respondent, and (b) that the conveyance if made in fact is fraudulent. In substance the position of the administrator is that he challenges the bill of sale as a nullity and that he treats as void and disaffirms the purported conveyance, if in fact any conveyance was made at all.

The instrument which is claimed to have effected a transfer of title from deceased to respondent is in form a bill of sale signed by deceased. It purports to be acknowledged by him. It is produced by respondent who claims that it was delivered to her as an effective instrument in consideration of $960. Her possession of the instrument (since she had access to deceased's papers) is not in itself proof of actual delivery of the instrument. (*Matter of Canfield*, 176 App. Div. 554.)

When first testifying respecting the consideration for this instrument, respondent said that she had drawn part of the $960 purchase price out of an account standing in her name in the bank and had paid the balance out of a considerable amount of cash which she had on hand and which accumulated from funds stated by her to have been given to her for household use by deceased. When pressed respecting the amount of the bank withdrawal and the date of it, respondent changed her testimony and asserted that the consideration was in fact a past consideration and that little or no money was involved as of the date of the instrument. The bank transcript of the account of the respondent shows that any claim of payment out of such account was a false claim. The only

other claim of payment is out of moneys which were plainly the property of deceased.

In addition to this total failure of respondent to prove payment of any consideration for the business of deceased there is uncontradicted proof that after the alleged transfer the awning in front of the window of the store where the business was conducted continued to bear the name of deceased, that the bank account in the name of deceased was still continued in that name, that the deposits in that bank account were the proceeds of sales made in the shop, and that when deceased was within a few months of his death and had become so blind as to be unable longer to attend to ordinary commercial matters respondent was named his attorney in fact so as to permit her thereafter to draw checks upon his account into which such store proceeds had been deposited.

On this proof the court would be required to find that the instrument of transfer, if any were delivered, was void as without consideration. But on the proof the court cannot find any delivery of such instrument and so the court determines that the store business was owned by deceased at the time of his death, that he had never transferred it and that the proceeds thereof are the property of his estate.

Accordingly an order may be entered requiring respondent to deliver to the representative of the estate the money received by her on the sale of the business.