In the Matter of the Estate of MARY J. SEXTON, Deceased.

Surrogate's Court, New York County, January 6, 1944.

*Harry Krauss* for Frederick A. Downes, assignee, respondent.

*Walter S. Newhouse* for Benoni B. Gattell, receiver, petitioner.

*Harry K. Davenport* for Helen J. Williams and others, as executors, respondents.

*Edmund M. McCarthy,* special guardian for Juliet R. Boyd and others, infants.

FOLEY, S.  This proceeding was instituted by the receiver in sequestration proceedings of Arthur O. Bartsch, who is a legatee under the will of the testatrix.

The testatrix died on December 11, 1942.  In her will, she bequeathed $5,000 to her chauffeur, Arthur O. Bartsch.  The will was admitted to probate on January 2, 1943.  On January 15, 1943, Bartsch assigned $1,300 of the legacy to Frederick A. Downes and on January 28, 1943, he assigned the remainder of the legacy to him.  The assignments were duly recorded in this court.  It was stated that the amount advanced for the acquisition of the legacy, by way of loan or purchase, was the sum of $3,750 for the full $5,000 bequest.

In May, 1943, Pauline Bartsch instituted an action for a separation against Arthur Bartsch in the Supreme Court, New York County.  That action is still pending.  Pursuant to section 1171-a of the Civil Practice Act, an order was entered in the matrimonial action on June 17, 1943, sequestrating the property of the defendant and appointing the receiver.

The proceeding pending in this court is simple in its nature, although the argument of counsel for both sides has made it appear complicated.  It is not a proceeding in aid of sequestration or in the nature of discovery.  It is an application under

section 217 of the Surrogate's Court Act to compel payment of a legacy. Incidental to this relief, the petitioner asks that certain assignments of the legacy made by Bartsch be set aside and canceled on the ground that they were fraudulent under sections 272 to 276 of the Debtor and Creditor Law, and on the further ground that they were mere pretenses and covers for a usurious loan. The petitioner also requests an examination of the respondents for the purpose of eliciting testimony which is material and necessary to the prosecution of the proceeding.

The motion to dismiss the proceeding is denied. The Surrogate's Court possesses complete and ample jurisdiction to enforce the payment of legacies and to determine the validity of the assignments. (Surrogate's Ct. Act, §§ 217, 40; *Matter of Malcomson,* 188 App. Div. 600; *Matter of Haber,* 151 Misc. 82; *Matter of Sherower,* 171 Misc. 295.) All of the interested parties are before the court. The legatee assignor has been served with citation. The assignee has appeared and answered and prays for a decree directing payment of the legacy to him. The executors take no position in the controversy. In the pending accounting proceeding they have been authorized to retain the full amount of the legacy subject to the further order of the Surrogate. (*Matter of Sexton,* N. Y. L. J., Jan. 4, 1944, p. 26, col. 2.) The controversy, therefore, is actually between the receiver and the assignee and the Surrogate possesses full power to determine all questions, both legal and equitable, arising in this proceeding.

The contention that usury is a personal defense and cannot be raised by the receiver of the legatee, is overruled. The defense or objection to a contract that it is void on account of usury can be set up by the party bound or by those in privity with him. (*Chapuis* v. *Mathot,* 91 Hun 565, 568, affd. on opinion below 155 N. Y. 641; *Billington* v. *Wagoner et al.,* 33 N. Y. 31, 34; *Williams* v. *Tilt,* 36 N. Y. 319, 325; *Chamberlain* v. *Dempsey,* 36 N. Y. 144, 149; *Hatch* v. *Baker,* 139 Misc. 717.) "All privies to the borrower, whether in blood, representation or estate, may, both in law and equity, by the appropriate legal and equitable remedies and defenses, attack or defend against a contract or security given by the borrower which is tainted with usury on the ground of such usury, where such contract or security affects the estate derived by them from the borrower." (*Merchants Ex. N. Bank* v. *Com. W'house Co.,* 49 N. Y. 635, opinion of JONES, J., at Special Term, reprinted at p. 642.) A receiver of the property of the legatee is a person in privity with the legatee.

The cases cited by the respondent assignee to the contrary are not applicable. In *Halsey* v. *Winant* (258 N. Y. 512), it was held that the judgment creditors could not secure cancellation of a consummated usurious transaction without offering to pay the lender the sum advanced with legal interest. The rule is well established that where one in privity with the borrower seeks to take affirmative action against the lender and to compel him to give up certain security which he holds for the payment of the debt, such person must restore or offer to restore the sum advanced by the lender with legal interest. (*Wheelock* v. *Lee,* 64 N. Y. 242; *Rice* v. *Schneck,* 189 App. Div. 877, affd. 228 N. Y. 561; *Lubetkin* v. *Stern & Co.,* 223 App. Div. 770.) But in the pending proceeding the entire fund is in the hands of the executors subject to the conflicting claims of the parties. The question whether the assignee is entitled to the amount advanced with interest, even if the transaction be usurious, is one of the issues presented for determination in this proceeding.

In *Arzouian* v. *LaMont* (265 App. Div. 985) the premises had been coveyed to the trustee subject to the mortgage, which was alleged to be usurious. In such a case there was a lack of privity to the extent of the mortgage between the borrower and the grantee. (*Merchants Ex. N. Bank* v. *Com. W'house Co.,* 49 N. Y. 635, 643, *supra.*) This principle has no application to the facts here involved.

The burden of proving that the transfer was made in fraud of creditors and that it was tainted with usury, rests upon the petitioner. If the facts which are material and necessary to the prosecution of the proceeding are not within his personal knowledge, he may apply to examine the respondent before trial in the usual manner by notice or order to show cause setting forth the proposed subjects of examination. (Civ. Prac. Act, art. 29; Surrogate's Ct. Act, § 316; *People ex rel. Lewis* v. *Fowler,* 229 N. Y. 84.)

[Other directions included in the original decision of the Surrogate have been omitted because of their subordinate importance.]

Proceed accordingly.