In the Matter of the Estate of LEOPOLD SAALBERG, Deceased.
Surrogate's Court, New York County, November 17, 1947.

*John F. X. McGohey*, United States Attorney (*James A. Devlin* of counsel), for Tom C. Clark, Attorney General of the United States, petitioner.

*Samuel B. Seidel* for Hannah A. Saalberg, executrix, respondent.

COLLINS, S. The petitioner in this proceeding, the Attorney General of the United States acting in his capacity as successor to the Alien Property Custodian, seeks to enforce the collection of a claim vested under the Trading with the Enemy Act of 1917 (U. S. Code, tit. 50, Appendix, § 5, subd. [b]; § 7, subd. [c]). The respondent is the executrix of the deceased's estate.

The legacy which is the subject of this application was created in paragraph Fourth of the will. In that paragraph the testator left a bequest of $1,000 " to the then Burgomaster of Villmar

an der Lahn, Hessen, Germany, In trust, to use the income therefrom for the perpetual upkeep and care of the graves of my parents, Jacob Saalberg and Gretha Saalberg, which are in the Jewish Cemetery in Ahrfort." In a later codicil the amount of the bequest was reduced to $500 but the original direction was otherwise left unchanged. By a formal vesting order all of the " right, title, interest and claim of any kind or character whatsoever of the Buergermeister of Villmar, Germany in and to the estate of Leopold Saalberg, deceased," was vested in the Attorney General of the United States. The petitioner has heretofore demanded that the executrix pay to him under the terms of this order the sum of $500 in satisfaction of the legacy. The executrix resisted the demand and challenges the right of the Attorney General to invoke the jurisdiction of this court in his attempt to enforce payment.

It is entirely appropriate for the court to determine in this proceeding the validity of the challenged bequest. (*Matter of Sexton*, 182 Misc. 986.) The vesting order made by the Attorney General purports to vest only " all right, title, interest and claim of any kind or character whatsoever *of the Buergermeister of Villmar*, Germany in and to the estate of Leopold Saalberg, deceased." There was no attempt made to vest the right, title, interest or claim of any beneficiary. The primary question, therefore, concerns the character of the rights and interest of the Buergermeister to the legacy given in the Fourth paragraph of the will. It is clear that there was no gift to the Buergermeister as an individual but only a gift in trust. He could not accept the legacy without assuming the obligations of the trust. " When a gift is made to a person in a trust character he may not assert a title to it as an individual. He must take it subject to the discharge of his trust obligation to use it for the benefit of others." (*Matter of Beaumont*, 54 N. Y. S. 2d, 581, 584.) A gift in trust for the upkeep and care of graves is a charitable trust. (Real Property Law, § 114-a.) A charitable trust does not fail because of the lack of a trustee. (*Allen v. Stevens*, 161 N. Y. 122; Personal Property Law, § 12.) If the person named as the trustee is unable to administer the trust the court must appoint a competent trustee who will discharge the trust duties imposed by the testator.

The Attorney General did not purport to vest rights greater than those possessed by the Buergermeister individually. The Buergermeister took no rights under the will except as a trustee. Since the Buergermeister could not assert title to the bequest as an individual the Attorney General takes no greater

right. There is no suggestion that the Attorney General intended to assume any trust obligations in respect of the gift. Indeed it has not yet been established that the trust purposes of the decedent are capable of fulfillment.

The extent to which a vesting order may operate was defined in the decision of Justice LEARNED HAND in *Kahn* v. *Garvan* (263 F. 909, 912): " Upon these assumptions, it is necessary briefly to consider the nature of the 'right, title and interest' which was the subject of the putative capture. It did not profess to be greater than the right of the enemies as cestuis que trustent, and it did not in law change the substance, or the incidents, of the right itself, any more than if, for example, it had been an unliquidated claim for breach of contract. Nor, indeed, could the Alien Property Custodian under such a demand, or unless he asserted a legal right to the securities themselves, by capture change the character of the enemy's right as obligee. If it be a chose in action, subject to an accounting as a condition of its assertion, he must submit to some judicial determination between himself, as captor, and the trustee as obligor. Such a demand neither enlarges nor contracts the rights seized." (See also *Isenberg* v. *Trent Trust Co.,* 26 F. 2d 609, certiorari denied 279 U. S. 862.)

By vesting the interest of the Buergermeister the United States could acquire no greater rights than were given to him by the will. The court accordingly holds that the person whose interests were vested had no right to compel payment of the money to him individually and that the Attorney General took no greater right. The application is, therefore, denied.

Submit on notice decree accordingly.